(No. 24660.—)

EVANSTON BEST & Co., INC., Appellant, *vs.* E. M. GOODMAN *et al.* Appellees.

*Opinion filed June 21, 1938.*

Bobb, Spoerri, Bourland & Harris, (Dwight S. Bobb, and Herman C. Nagel, of counsel,) for appellant.

Alfred W. Craven, Jr., and John F. Manierre, for appellees.

Mr. Justice Orr delivered the opinion of the court:

Evanston Best & Co., Inc., filed an application before the Evanston zoning commission for permission to erect a commercial building on Orrington avenue in that city, which application was denied because the city zoning ordinance prohibited commercial buildings on the property in question. Later, the same application was made to the Evanston city council and unanimously denied. Petitioner thereupon filed a petition in the superior court of Cook county seeking a writ of *mandamus* to compel the issuance of a permit. This petition was likewise denied. Petitioner has appealed directly to this court, a constitutional question having been alleged to exist.

The property in question is located on the east side of Orrington avenue, in the second block north of Fountain Square, the heart of the nearest commercial district. That portion of the block between Orrington avenue and the alley which runs parallel thereto is zoned as a "B residential district" in which may be erected any buildings of the type permitted in "A residential districts" and, in addition, apartment houses, private clubs, dormitories, boarding houses, educational or philanthropic institutions, greenhouses and accessory buildings. At present, the block contains a three-story apartment house, a free parking lot maintained by the chamber of commerce, a public library and a vacant lot upon which the proposed building was to be erected by petitioner. The remaining half of the block, between the alley and Chicago avenue on the east is zoned as an "A residential district" and is occupied by one-family residences except for the buildings that house the national headquarters

of the W.C.T.U. and the Evanston Woman's Club. The block on the west side of Orrington avenue is cut by an alley, the south line of which corresponds to the south line of petitioner's lot. The property south of the alley is zoned for commercial purposes and is occupied by the Orrington Hotel building which contains several shops on the ground floor. The property north of the alley and immediately across from petitioner's lot is zoned as a "B residential district" and is occupied by an apartment building and a girl's dormitory belonging to Northwestern University. Petitioner urges that the restrictions imposed upon its property are unreasonable in view of the uses permitted in the surrounding area and that the ordinance thereby violates the due process clause of our constitution.

It must be emphasized at the outset that this court is not a zoning commission. All questions concerning the wisdom or desirability of particular restrictions in a zoning ordinance must be addressed to the legislative bodies specifically created to determine them. (*Rothschild* v. *Hussey,* 364 Ill. 557.) It is only when a dissatisfied property owner conclusively proves that the restraints imposed upon his property are capricious and unrelated to the public morals, safety and general welfare that we will interfere. (*Reschke* v. *Village of Winnetka,* 363 Ill. 478; *People* v. *City of Rockford,* id. 531.) Where there is room for a fair difference of opinion concerning the reasonableness of a particular ordinance, we will not overthrow the considered findings of an impartial body which is presumably well equipped to decide the various issues involved. *Village of Western Springs* v. *Bernhagen,* 326 Ill. 100; *Village of Euclid* v. *Ambler Realty Co.* 272 U. S. 365.

The city of Evanston adopted a comprehensive zoning ordinance in 1921 which divided the city into five districts. "B residential districts" were created between "commercial" and "A residential districts," wherein quasi-commercial and multiple-occupancy structures might be erected. By means

of this device, a so-called buffer area has been established to prevent an impact between the intensity of the use to which commercial areas are put with the quiet and cleanliness which are essential to property devoted to higher type residential uses. While the existence of such an area is not necessary, its creation cannot be said to be an unreasonable exercise of the police power. Petitioner ·claims, however, that by excluding from this zone the property now occupied by the Orrington Hotel, the zoning commission acted arbitrarily and, hence, that the ordinance in this respect was void from its inception. While it might have been wise to have zoned the entire west side of Orrington avenue as a "B residential district," the alley north of the property now occupied by the hotel is a physical boundary and it was within the discretion of the commission to extend the commercial district to that point.

Petitioner asserts that even if the ordinance was valid when adopted, present conditions in the neighborhood no longer justify the restrictions imposed upon its property. The commercial district a block south of the property in question has been greatly developed since the ordinance was adopted, the ground floor of the Orrington Hotel building is fully occupied by stores, and the lot immediately south of petitioner's premises is now used as a free parking lot. The uses to which the adjoining commercial district have been put, however, are but the fulfillment of the purpose for which it was zoned. While such development might affect the desirability of petitioner's lot if it were zoned for individual residences, there is ample evidence that the lot is still a very desirable site for an apartment house—one of the purposes for which it was zoned. Nor does it appear that the adjacent commercial district is so completely built up that it is no longer proper to prohibit commercial advancement in the area surrounding petitioner's lot. The existence of the parking lot operated by the chamber of commerce cannot be said to have commercialized the area or to

have rendered adjacent premises unfit to be used for the purposes for which they were zoned. The parking lot is used only during the day, access to it is only from the alley, no charge is made for the service rendered and no gasoline, oils or accessories are sold. Indeed, its existence might well be considered advantageous to anyone desiring to erect an apartment house on petitioner's lot since it would offer accommodations to tenants of the building.

Petitioner emphasizes the fact that its property would be more valuable if zoned for commercial purposes, but this fact exists in every case where the intensity with which property may be used is restricted by zoning laws. While the extent to which property values are changed by a zoning ordinance is a proper consideration in determining the validity of the ordinance, (*Reschke* v. *Village of Winnetka, supra*,) the profit that would accrue to individual property owners if zoning restrictions were removed must be weighed against the detriment to the public welfare that would result from such action. If the gain to the public is small when compared with the hardship imposed upon individual property owners, no valid basis for an exercise of the police power exists. (*Reschke* v. *Village of Winnetka, supra.*) Where, however, it is shown that restrictions imposed by such a law protect the health, safety and welfare of the public, they must be sustained, even though private interests are to some extent impaired. If the restrictions upon the block in which petitioner's property is located were removed, the commercial area would be expanded although the record shows that such expansion is not yet necessary. In addition, any protection to surrounding "A residential districts" which this buffer zone affords would be dissipated and modifications no doubt would have to be made in the zoning of the entire area. We do not believe petitioner has shown that the restrictions upon its property are so unrelated to the public good that we would be justified in completely upsetting the comprehensive plan of zoning now in force. Peti-

tioner was well aware of the restrictions upon the use of the property in this district when it purchased the lot in question and the evidence it has produced in this case raises questions which, at most, are debatable. In such cases, the decision of the zoning authorities is controlling. *Village of Western Springs* v. *Bernhagen, supra.*

Several rulings of the trial judge upon the admission of evidence are assigned as error. Most of them relate to the qualifications of experts who gave opinions as to the necessity for re-zoning the area. The matter of qualifications of expert witnesses, however, rests largely within the discretion of the trial court. (*City of Geneseo* v. *Schultz,* 257 Ill. 273.) We do not believe that its discretion was abused in any of the instances indicated in the present case. We have likewise reviewed the other rulings which are challenged and find that no error was committed prejudicing petitioner in any way.

The judgment is affirmed.