(No. 28122.—

MERCER LUMBER COMPANIES, Appellant, *vs.* THE VILLAGE OF GLENCOE, Appellee.

*Opinion filed March 21, 1945—Rehearing denied May 17, 1945.*

ROYAL J. SCHMIDT, and WILLIAM N. BRADY, both of Chicago, for appellant.

ALEXANDER H. MARSHALL, of Chicago, for appellee.

Mr. Justice Gunn delivered the opinion of the court:

Plaintiff filed a suit in equity in the circuit court of Cook county to have declared void certain portions of the zoning ordinance of the village of Glencoe. The property involved belongs to the Mercer Lumber Companies, and its location may be observed from the plat found in 372 Ill. at page 509, where a former zoning ordinance of said village was involved, which plat we reproduce here:

The property on the plat marked "lumber yard" is designated in this suit as parcel No. 1, and parcel No. 2 is a tract approximately 200 feet north and south and 115 feet east and west along the west side of Glencoe road north of the four lots shown on said plat between Glencoe road and Linden avenue. Glencoe road, shortly above the point

shown on this plat, runs parallel with Linden avenue and about 250 feet east of it. Both parcels involved have been used as a lumber yard for more than twenty-five years. Under the present as well as the former ordinance such use is a nonconforming use.

After our decision in *Taylor* v. *Village of Glencoe,* 372 Ill. 507, the zoning ordinance of the village of Glencoe was revised, and five different classifications or zones established. The only ones involved in this case are classification "C,"—residential; "D,"—multiple apartment; and "E,"—business. Parcel 1 and the balance of the property to the south of it, has been classified as "E,"—business property. Parcel No. 2, and two tracts involving 330 feet of frontage along the Glencoe road north of it, as well as the properties south of it, fronting on Glencoe road, to its intersection with Linden avenue, have been classified as "D," and all of the other property north of these and facing on Linden avenue classified as "C." The property west, across the street from parcel No. 1, and the two other properties to the south of parcel No. 1 have been classified as "D" and "E." Immediately to the south of the properties described is the city limits of the village of Winnetka.

The ordinance of 1940 provides that zone "C" shall be occupied as a residence district; zone "D" in addition to residences permits multiple apartment dwellings not to exceed two stories in height and open parking spaces or lots; zone "E" is designated as a business district and permits the building thereon of forty-seven varieties of business by name, but does not include lumber yards among the types of business permitted. Article 9 of the ordinance provides for nonconforming uses, and provides in substance that nonconforming use existing at the time of the passage of the ordinance may be continued, and may be reconstructed, remodeled or altered subject to the following requirements or regulations: (1) Any structural

alteration or extensions made in such a building shall in no case exceed thirty per cent of the cubic contents thereof, as the same shall have existed on May 9, 1921, unless the use therein and thereof is changed to the conforming use. The date May 9, 1921, refers to the first zoning ordinance adopted in the village of Glencoe. There are other regulations affecting zone "E" properties not involved in this case.

In substance the complaint charged that the ordinance at the present time restricts the use of the property for the highest and best use to which it is susceptible, *viz.*, industrial purposes generally; and also that the prohibition against alterations or repairs in excess of thirty per cent of its cubic contents is detrimental to appellant and illegal. The prayer of the petition is that said zoning ordinance, or so much thereof as denies the plaintiff the use of said property for industrial purposes generally, or using the same for another and different industrial use than is now carried on, or enlarging the buildings or structures thereon in excess of thirty per cent for industrial uses and purposes, is unconstitutional and void; and then prays that the village be restrained and enjoined from enforcing the ordinance to the extent to which it is claimed to be unconstitutional and void.

The city answered, denying in substance all of the allegations of the complaint, and the matter was referred to a master in chancery, who made a number of findings favorable to the plaintiff, and in effect suggested the kind of an ordinance that should be adopted by the village of Glencoe. The chancellor sustained exceptions to the master's report, and in the decree made specific and detailed findings of fact contrary to the contention of plaintiff, and decreed the ordinance of 1940 was valid in all respects, and that the part of the ordinance which permits the continuance of nonconforming use, subject to the restriction that the buildings may not be extended beyond thirty per

cent of their cubic contents, or that such nonconforming use cannot be changed to another nonconforming use, constituted a valid and reasonable exercise of the powers granted by the zoning statute. There were other findings of fact, which will be referred to hereafter, including one that the plaintiff was estopped, after accepting for twenty years, without objection, the provisions of this ordinance, from now attempting to raise the question of its reasonableness. The circuit judge certified that the validity of a municipal ordinance was involved, and that the public interest requires that an appeal, if taken, be taken directly to the Supreme Court.

The principal point raised by appellant is that the ordinance is unreasonable and unconstitutional in that it denies plaintiff the right to use the property in the manner found by the master; that the ordinance imposed upon it, as a nonconforming user, limitations and restrictions, which, if allowed to continue in force, will ultimately result in forcing plaintiff to leave the village; that the prohibitions, restrictions and restraints are not based upon considerations bearing any relation to the public health, safety, morals or general welfare, and that the ordinance deprives the plaintiff of its liberty and property without due process of law, and entails serious financial loss upon it. These objections in the main depend upon the facts as found by the chancellor.

It is true the master made recommendations favorable to appellant, and suggested a manner of rezoning the village of Glencoe more satisfactory to plaintiff than the present zoning ordinance, but that was a matter wholly beyond the authority of the master or the courts. We have many times said that zoning is a legislative matter, and that all questions concerning the wisdom or desirability of particular restrictions in the zoning ordinance must be addressed to the legislative body created to determine them. (*Evanston Best & Co., Inc.,* v. *Goodman,* 369 Ill. 207;

*Rothschild* v. *Hussey*, 364 Ill. 557; *Burkholder* v. *City of Sterling*, 381 Ill. 564; *People ex rel. Miller* v. *Gill*, 389 Ill. 394.) Upon exceptions the court overruled the master, and in its decree made certain specific findings, among which findings were that both tracts Nos. 1 and 2 of the plaintiff were suitable for the uses specified in the zone under which they came; that both of said properties under the amended ordinance were substantially increased in value, and that no property of the plaintiff had been taken without due process of law.

There was a further finding that the provisions of the ordinance which permitted the continuance of the non-conforming use of the lumber yard, subject to the restriction that such buildings may not be extended beyond thirty per cent of their cubic content and that such nonconforming use shall not be changed into any other nonconforming use, constituted a valid, proper and reasonable exercise of powers granted under the zoning law. The court also specifically found that the unrestricted expansion of plaintiff's buildings for their present unconforming uses, or the conversion to general industrial uses, would substantially depreciate residential values in the neighborhood of the plaintiff's property and throughout the village, as well as the present business property values located in the present "E," business district, and would substantially increase fire dangers and hazards, disagreeable odors, noises, dirt and smoke, and traffic dangers and hazards, and would also reverse the present direction of building development, contrary to the best interests of the village.

The Zoning Law, (Ill. Rev. Stat. 1943, chap. 24, par. 73-1 *et seq.,*) among other things, gives municipalities the power "(4) to classify, regulate and restrict the location of trades and industries * * *; (5) to divide the entire municipality into districts of such * * * classes * * * as may be deemed best suited to carry out the purposes of this article;" and "(8) to prevent additions to and altera-

tion or remodeling of existing buildings or structures," to which the proviso is added that "the powers conferred by this Article shall nòt be exercised so as to deprive the owner of any existing property of its use or maintenance for the purpose to which it is then lawfully devoted, but provisions may be made for the gradual elimination of uses, buildings and structures which are incompatible with the character of the districts in which they are made or located, * * *."

The legislative judgment of the village council is conclusive unless it is shown to be arbitrary, capricious and unrelated to the public morals, safety and general welfare. (*Evanston Best & Co., Inc.,* v. *Goodman,* 369 Ill. 207; *Speroni* v. *Board of Appeals,* 368 Ill. 568; *Zadworny* v. *City of Chicago,* 380 Ill. 470; *Neef* v. *City of Springfield,* 380 Ill. 275.) Where there is room for a legitimate difference of opinion concerning the reasonableness of a particular zoning ordinance the finding of the legislative body will not be disturbed. (*Burkholder* v. *City of Sterling,* 381 Ill. 564; *Harmon* v. *City of Peoria,* 373 Ill. 594; *Avery* v. *Village of La Grange,* 381 Ill. 432.) There is ample evidence in the record to sustain the finding of the chancellor. We have just pointed out such facts would justify the action of the village of Glencoe in enacting the amended ordinance of 1940.

It is contended, however, that the limitation placed upon the nonconforming use of plaintiff in not permitting it to increase the cubic capacity of its buildings in excess of thirty per cent is arbitrary, capricious, and bears no relation to the health, morals or safety of the community. The restriction comes within the express powers granted to municipalities under subdivision 8 of section 73-1, *viz.,* to prevent additions to, and alterations or remodeling of, existing buildings or structures in such a way as to avoid the restrictions or limitations imposed by the ordinance. Moreover it seems clear to us that the power to regulate a non-

conforming use includes the power to limit the extension of it. While illustrations appear in our decision of ordinances containing such a restriction, (*City of Aurora* v. *Burns,* 319 Ill. 84; *Klumpp* v. *Rhoads,* 362 Ill. 412,) yet we have not directly passed upon that question. The power seems to be clearly given by the statute, and we have repeatedly upheld the validity of the statute as a whole.

In other jurisdictions the question has been passed upon adversely to the contentions of appellant. (*Yuba City* v. *Cherniavsky,* 4 Pac. 2d 299 (Calif.); *Wulfsohn* v. *Burden,* 241 N. Y. 288.) A zoning ordinance is for the purpose of creating permanent conditions throughout the city or village, and is designed to take care of the problems of the present as well as those of the future, to the extent that they can be reasonably anticipated. The provision that appellant cannot increase the cubic capacity of its structures in excess of thirty per cent, under the authority granted by the statute, is reasonable, and in fact the language of the statute justifies restrictions against any extension of the nonconforming use.

Appellant calls our attention to certain cases which it claims are applicable to its contention. They are all readily distinguishable. In *Taylor* v. *Village of Glencoe,* 372 Ill. 507, the property in the southwest corner of the lot in which tract No. 1 is located was involved. It was classified as residential property while surrounded on all sides by industrial properties, and found to be highly unsuited for residential purposes. In *Reschke* v. *Village of Winnetka,* 363 Ill. 478, the property was restricted to residential use. It was highly unsuitable to such use, and was located on a busy thoroughfare, on the opposite side of which were railroad tracks and a freight yard, and the other property in the same block was devoted to industrial purposes or nonconforming uses in existence prior to the ordinance, and there was no proof that the use for com-

mercial purposes would appreciably damage other residential property in the neighborhood. In the case of *Tews* v. *Woolhiser*, 352 Ill. 212, a property was involved which constituted an island between two streets and a railroad track. It was restricted to single residence use while on the one side were railroad tracks and on the other sides property zoned for commercial purposes, or actually used for public purposes. The court found the restriction unreasonable and arbitrary, and affirmed a judgment in *mandamus*, permitting the property to be used as an oil station.

None of these cases declared the general rules applicable to zoning ordinances to be any different than we have above stated. The cases were decided upon facts indicating the operation of the ordinance was unjust, unreasonable, arbitrary, and had no relation to the public health, welfare or safety. The facts were materially different from the facts which exist in this case. In the present case the real contention of appellant, when analyzed, is not that it is suffering any loss at the present time, but that a restraint is created by the ordinance which may prevent it being used for a more profitable enterprise. This same objection could be made to almost any property in any zoned district. The facts found by the court show that it is using the property for a nonconforming use; that it may continue to do so indefinitely; that it may expand to the extent of thirty per cent; that there are more than forty other varieties of business for which the property may be used in case it is abandoned for lumber-yard purposes; and that its present use, or the continuance of its present use, tends to depreciate other property, and also to increase the hazards of fire and other objectionable features inherent in the operation of a lumber yard.

We entertain no doubt that the ordinance is within the scope of the zoning statute and does not deprive the plaintiff of any right of property without due process of law.

Appellee has also raised the question that appellant is estopped to question the validity of this ordinance because for over twenty years it has, without protest, accepted the zoning regulations of the village of Glencoe under this and prior ordinances, which restricted the use of its property. It is unnecessary to decide this question, since we hold that the ordinance questioned in this proceeding is valid and enforcible, and that the circuit court properly dismissed the complaint.

The decree of the circuit court of Cook county is affirmed.

*Decree affirmed.*