(No. 29849.—

ANGELINE DEBARTOLO, Appellee, *vs.* THE VILLAGE OF OAK PARK, Appellant.

*Opinion filed January 22, 1947—Rehearing denied March 17, 1947.*

CHESTER A. WYNNE, Corporation Counsel, of Chicago, for appellant.

PAUL BROCCOLO, JOHN F. TYRRELL, and ODE L. RANKIN, all of Chicago, for appellee.

Mr. Justice Smith delivered the opinion of the court:

This is an appeal from a decree of the superior court of Cook county. The suit was brought by Angeline De-Bartolo, appellee, to enjoin the enforcement of a zoning ordinance by the village of Oak Park. A decree was entered by the trial court holding the ordinance invalid as to the property of appellee. The trial judge certified that the validity of a municipal ordinance is involved, and an appeal was taken directly to this court.

On September 21, 1921, the village of Oak Park adopted a comprehensive zoning ordinance covering practically the entire village. This case involves property located near the southeast corner of the village. Plaintiff owns lot 16, and 17 feet off the north side of lot 17, in block 14, in Austin Park subdivision. The property is located on the west side of Lyman avenue. Lyman avenue extends north from Roosevelt road. Roosevelt road runs east and west. It is the south boundary line of the village of Oak Park. Austin boulevard is the east boundary of the village. Austin boulevard is two blocks east of Lyman avenue. At a point 125 feet north of the north line of Roosevelt road, a 16-foot alley runs east and west, paralleling Roosevelt road. The first property in block 14 on the west side of Lyman avenue and north of the alley, is lot 18, and 8 feet off the south side of lot 17. Immediately north of this property is plaintiff's property, which is the north 17 feet of lot 17, and all of lot 16. The south line of plaintiff's property is 49 feet north of the south line of the alley.

As platted, the lots south of the alley in block 14 extend north and south from the alley to Roosevelt road. This tier of lots lying between the alley and Roosevelt road extends from Austin avenue, which is the east boundary line of the village, to Harlem avenue, one mile west, which is the west boundary line of the village. This tier of lots is zoned as either commercial or industrial property. All of block 14, all of block 15 which is immediately east of

block 14, the west half of block 16, which is east of block 15, and all of the property for several blocks north and west of block 14, except that portion lying between the east and west alley and Roosevelt road, is zoned as single-family residence property. In block 14 and block 15, however, there are three or four properties which are improved with two-family residences. These buildings were constructed, however, before the ordinance was adopted.

Appellee filed an application with the village authorities for a permit to remodel her home and make it into a two-family apartment building. This application was denied and the suit followed. Her property is an ordinary story-and-a-half residence, about 22 feet in width and extending back approximately 30 feet, a story and a half in height. Back of that is a one-story extension for some 12 feet to the west. The property fronts on the west side of Lyman avenue. Her contention is that because there are two two-apartment buildings in the block in which her property is located, and two similar buildings in block 15, which is immediately across the street on the east side of Lyman avenue, and because the property lying between the alley and Roosevelt road is zoned for commercial and industrial purposes, this renders the ordinance discriminatory and invalid as to her property. The validity of the ordinance as a whole is not questioned. The improvements contemplated in plaintiff's property involve the construction of a kitchen, bathroom and a bedroom on the second floor. One room on that floor was finished when the house was constructed. The improvements sought to be made also require cutting a dormer window through the south side of the roof and other internal changes so as to make the second floor a three-room apartment, consisting of a living-room, bedroom, kitchen and bath.

The only evidence offered by appellee was the testimony of her attorney. Notwithstanding we have criticized attorneys for testifying in cases in which they appear as

attorneys of record, the case is presented here solely on the testimony of the attorney of record for plaintiff. He attempts to justify his conduct with the statement that another attorney examined him as a witness. But even if this would excuse him the statement is not supported by the record. The record shows that while there was another attorney present, he asked the witness not to exceed a dozen unimportant preliminary questions. From this point on the attorney for appellee handled the whole case. The only part taken by the other attorney was at the close of the testimony when he announced that the plaintiff rested her case. The record shows that the attorney who testified prepared and filed the complaint. He also signed the affidavit to the complaint. After he was asked the insignificant preliminary questions above indicated, he handled the entire matter himself. He acted in the double roll of attorney and witness. He offered all the exhibits. His testimony is in the form of a speech to the court, interspersed with statements of facts, with offers of testimony and arguments on objections. It would seem that the impropriety of such practice has been pointed out often enough by this court that lawyers would observe it. But such is not the case here. The fact that the plaintiff was his relative did not alter the rule. In reading the record it is most difficult to determine what part of his statement is intended as testimony and what part is argument.

It is stipulated that at the time the zoning ordinance was adopted there were two two-family residences in the half block in which plaintiff's property is located. They are still so used. This half block consists of 18 lots, extending north from the alley already referred to. One of these two-family residences is about 125 feet north of plaintiff's property. The other is about 200 feet north of her property. Across the street to the east, in the west half of block 15, one of the multiple-family residences is located about 150 feet north of plaintiff's property and across the

street, which is 66 feet wide. The other is practically at the extreme north end of the block. It is about 325 feet north of plaintiff's property and also across the street. It is also stipulated that both of these buildings were constructed prior to the passage of the zoning ordinance. The east half of block 16, which is the second block east of block 14, is zoned for industrial uses. Plaintiff's witness also testified that at other points in the village, some distance from the block in which plaintiff's property is located, there are other properties in zoned residential districts devoted to multiple-family uses. He was able to point out, altogether, five such properties on Taylor avenue, which is a block and a half west of plaintiff's property, and a few others located at some distance from the block in which plaintiff's property is located. It is agreed, however, that there are only two two-family residences in block 14 north of the alley, and one or two in block 15. Plaintiff claimed there were two, while the village record shows there is only one such property in block 15.

Plaintiff's attorney bases his whole contention, both as a witness and in the brief, on the fact that these two-family residences are located in blocks 14 and 15, and that that portion of those blocks south of the alley and fronting on Roosevelt road was zoned for commercial use. He contends that the fact that this property between Roosevelt road and the alley was zoned for commercial purposes, renders the ordinance invalid as to the plaintiff's property, which is located across the alley and approximately 50 feet north of the north boundary line of the property zoned for commercial purposes.

The record shows further that in the east half of block 14, north of the alley, there are 18 lots, all of which, except the lot at the extreme north end of the block, are 25 feet in width. The north lot is somewhat wider. Five of these lots are vacant. Of the 31 improved lots, 17 are

improved with buildings on a single lot, while 14 contain buildings which are on parts of two or more lots.

There is no proof in the record that the restrictions in the zoning ordinance are not necessary or are unreasonable to secure protection from fire, to insure adequate light and air, to conserve tax values or to prevent street congestion. Nor is there any proof in the record of diminution in the value of plaintiff's property because it is located in a residential zone. Nor is there any proof as to the effect which the conversion of her residence into a two-family residence would have on other property in the block. The only issue raised is whether the ordinance is unreasonable and discriminatory because of the presence of two other multiple dwellings in the half block, two in the block across the street which contains 36 lots, and the fact that the property south of the alley and fronting on Roosevelt road was zoned for commercial use.

It was contended by the attorney for plaintiff, in his testimony, and is so contended in his brief, that plaintiff's residence was architecturally designed for a two-apartment building when it was constructed prior to the time the ordinance was adopted. This contention, however, is not in any sense sustained by the evidence. The photograph of the residence in evidence shows that it is an ordinary one-and-a-half-story frame residence, approximately 22 feet wide by forty-two feet deep. It has a hip roof; the eaves come down to about the level of the second floor. The witness testified that at the time the house was built it had one room finished on the second floor with stairs leading to it from the entrance hall on the first floor. It has only one window in the front above the first floor, which appears to be an ordinary attic window. There is possibly a like window in the west end of the house, which does not show in the photograph. But to say that it was architecturally designed for an apartment on the second floor

is not sustained by the record. It is simply an ordinary one-story residence with one room finished in the attic. According to the plans of the proposed reconstruction, in order to finish the balance of the attic so as to make it into suitable living quarters, it is necessary to cut a dormer window through the roof on the south side. That is the only way a window can be installed.

The presence of two other multiple dwellings in the half block and two similar dwellings in the half block across the street, at the time the ordinance was passed, does not render the ordinance unreasonable and discriminatory as to plaintiff's property, when the record shows that more than ninety per cent of the property in all of block 14, north of the east-and-west alley, is devoted to single-residence uses and was zoned for that purpose. Nor is the fact that that portion of the south tier of blocks in the village lying between the alley and Roosevelt road was zoned for commercial purposes, sufficient to show that the ordinance is unreasonable or invalid as to the plaintiff's property. It is conceded that Roosevelt road, on which the properties lying south of the east-and-west alley are located, is a busy commercial thoroughfare. The fact that this property, south of the alley, which is zoned for commercial uses, extends north to a point 50 feet south of plaintiff's property is wholly insufficient to show that the ordinance is invalid or discriminatory as to the plaintiff's property. The situation as to the property of plaintiff in this case is quite similar to the situations prevailing in *Evanston Best & Co.* v. *Goodman,* 369 Ill. 207, and *Minkus* v. *Pond,* 326 Ill. 467. Those cases seem to adversely dispose of plaintiff's contentions on every question raised in this case. A zoning ordinance is presumed to be valid. The burden is upon the one assailing such an ordinance to overcome this presumption. (*State Bank & Trust Co.* v. *Village of Wilmette,* 358 Ill. 311.) When a general zoning ordinance is passed, those who buy property in zoned

districts have the right to rely upon the rule of law that the classification made in the ordinance will not be changed unless the change will be required for the public good. *Western Theological Seminary* v. *City of Evanston,* 325 Ill. 511.

It is axiomatic that zoning must begin somewhere and end somewhere. Some property in a commercial zone must be near, or even adjoin, property in a residential zone. The very nature of a zoning ordinance requires that certain desirable neighborhoods adjoin others which are less desirable. (*Kennedy* v. *City of Evanston,* 348 Ill. 426.) The mere fact, however, that plaintiff is the owner of property located 50 feet from the north boundary line of a commercial zone established between the alley and Roosevelt road, is not sufficient to show the invalidity of the ordinance as to her property, which is located in that portion of the block north of the alley which is zoned as single-family residence property and is more than ninety per cent so used, the only exception being the two properties which were constructed prior to the adoption of the ordinance. As already observed, there is no evidence in the record touching the question of any diminution in the value of plaintiff's property because it is zoned for single-family residence purposes. Nor is there any proof tending to show any increase in its value or use after the proposed reconstruction has been completed. The attorney testified that plaintiff's purpose in remodeling her home was to provide separate living quarters for her daughter who contemplated marriage.

The cases cited and relied upon by appellee, like *Anderman* v. *City of Chicago,* 379 Ill. 236, were wholly different on the facts. Those cases involved small tracts zoned for residential use which were surrounded by property zoned for commercial use. No such situation is presented by the record in this case.

412

In our opinion, neither the facts that block 14, at the time the zoning ordinance was passed, contained two two-family residences, that block 15 contained two like properties, nor that the property at the south end of those blocks lying between the alley and Roosevelt road were zoned for commercial purposes, are sufficient to invalidate the ordinance as to plaintiff's property. The only other fact relied upon is that in other parts of the village, in certain blocks zoned for residential purposes, there is a very small percentage of two-family residences. So far as the record shows, all such buildings may have been constructed prior to the time the ordinance was passed. There is no proof that the plaintiff's property has been diminished in its use or value or that to convert it into a two-family residence would increase its value, or as to the effect such remodeling would have upon the value of other property in the block, and in the immediate neighborhood. The record is wholly barren of any facts sufficient to invalidate the ordinance as to plaintiff's property.

The decree of the superior court is reversed.

*Decree reversed.*