(No. 30222.—

THE CITY OF SPRINGFIELD *et al.,* Appellees, *vs.* W. T. VANCIL, *et al.,* Appellants.

*Opinion filed November 20, 1947—Rehearing denied Jan. 15, 1948.*

Busch & Harrington, of Champaign, for appellants.

Hugh J. Graham, Jr., City Attorney, Stanley Thomas, Corporation Counsel, Frank R. Sullivan, and Hugh J. Dobbs, all of Springfield, for appellees.

Mr. Justice Fulton delivered the opinion of the court:

The appellant W. T. Vancil is the owner of real property located at 437 South Grand Avenue West in the city of Springfield. The original complaint in this cause was filed in the circuit court of Sangamon County by the city of Springfield, seeking to enjoin the appellant Vancil and the proprietors of the Vancil Funeral Home from operating and conducting a funeral business upon the premises above described.

The facts show that appellant Vancil entered into a contract to purchase the property about the middle of May, 1941. One provision of the contract provided that if the premises could be used for a funeral home appellant would complete the purchase, otherwise he was to be refunded the money paid on the contract. Later he made application to the city of Springfield for a license to operate a funeral home on the premises, which was granted and issued to W. T. Vancil on May 26, 1941. After making some preparations for use of the property as a funeral home, Vancil received notice that the city was revoking his license, and this suit to enjoin him from such use of premises followed.

The complaint charged that the premises located at 437 South Grand Avenue West were classified under " 'A' Residential District" in the zoning ordinance of said city, passed and adopted on July 28, 1924, and the use of the same for funeral purposes violated section 3 of said ordinance. The defendants answered that the operation of a funeral home was not a "business" and claimed that the " 'A' Residence District" classification was arbitrary, unreasonable and void on its face, and further that the prem-

ises and the district in which appellant's property was situated were improperly classified as " 'A' Residence District," in fact.

Thirty-five home owners of the immediate neighborhood joined the city's request for an injunction on the grounds that the conduct of a funeral home would be a nuisance and seriously depreciate the value of the surrounding residence properties. The appellant and others filed an original and amended cross complaint seeking to enjoin the city from molesting or disturbing the cross plaintiffs in the operation of their funeral business. Answers and replies were duly filed and the issues closed. A temporary injunction was issued by the circuit court on the original complaint and the cause referred to the master in chancery, who took voluminous and extensive proofs, both by way of exhibits and oral testimony. A final decree was entered by the circuit court ordering that the temporary injunction be made permanent. The trial court certified that the validity of a municipal ordinance is involved and that the public interest required a direct appeal to this court.

The primary question in the case is whether or not the Springfield zoning ordinance is valid as applied to Vancil's property, and, if so, would the operation of a funeral home on the premises violate the provisions of such ordinance?

Under the ordinance in question section three applies to " 'A' Residence District" and permits the following uses: One family dwellings, two family dwellings, apartment houses of two stories or less, churches and temples, libraries, telephone exchanges and electric substations; farming and truck gardening; schools and colleges, sorority or fraternity houses, private boarding houses and accessory buildings incidental to the above uses. No express provision either permitting or prohibiting a funeral home to operate in the city of Springfield appears in the zoning ordinance except the general prohibition of business in residential areas.

South Grand Avenue West is a paved street approximately 80 feet wide, runs east and west, and is heavily traveled. The property in question may be generally described as a three-story brick residence and is located on the northeast corner of Henrietta Street and South Grand Avenue West. Henrietta Street does not extend through Grand Avenue to the south, but about 100 feet west of Henrietta, Lowell Avenue proceeds southward. The value of the property for residential purposes was estimated at about the sum of $25,000.

The testimony and the photographic exhibits show South Grand Avenue West in the area above described, both surrounding and facing the Vancil premises to be a highly developed residential district, practically filled with homes varying from $6000 to $40,000 in value. There have been few changes in the district for many years, with the exception of the erection of a few new homes. There are a few business or commercial properties located in the neighborhood, most of which were in existence prior to the adoption of the zoning ordinance.

Those commercial properties which did not exist prior to 1924 consist mainly of an automobile accessory business and machine shop located on an alley and not plainly visible from the street; a small restaurant at the rear end of a deep lot, also on an alley; a beauty shop, a Christmas tree business and a foundling home.

We have heretofore held that "The power of a city or village to adopt comprehensive zoning laws is based upon the police power, and their prohibitive restrictions are valid if they bear a reasonable relation to public comfort, morals, safety and general welfare. * * * The presumption is in favor of the validity of a zoning or other ordinance adopted pursuant to a legislative grant, and it is incumbent upon the property owner attacking it to affirmatively and clearly show its unreasonableness." *Neef* v.

*City of Springfield,* 380 Ill. 275; *State Bank and Trust Co.* v. *Village of Wilmette,* 358 Ill. 311.

It is the contention of appellant that because of a limited number of commercial properties existing within five or six blocks of the disputed premises, and because of the few businesses established in the area since the passage of the zoning ordinance, the provisions of such ordinance, as applied to the particular use to which the appellants propose to put the property, are unreasonable, capricious and therefore void because they violate the provisions of the constitutions of the State of Illinois and of the United States.

The evidence in the case shows that the character of the neighborhood around the Vancil property is strictly and predominantly residential. While there is some evidence to the contrary, the testimony of real-estate experts and many home owners in the neighborhood almost unanimously shows that the use of the Vancil premises as a funeral home would depreciate the value of the surrounding property for residence purposes. The justification for a zoning restriction is the greater benefit which accrues to the public as a whole.

In *DeBartolo* v. *Village of Oak Park,* 396 Ill. 404, the plaintiff applied to the village authorities for a permit to remodel her home and make it into a two-family apartment building. The block in which her property was located was zoned for single-family residences. It was pointed out that in the same block there were two two-family residences; that across the street and in nearby sections there were located several multiple-family residences, and that her property was only one half block from the boundary of a commercial zone, but this court held that such circumstances were wholly insufficient to show that the ordinance was insufficient to invalid or discriminating as to the plaintiff's property. In denying an application to

erect a commercial building in the city of Evanston, it was held, in *Evanston Best & Co.* v. *Goodman,* 369 Ill. 207, that although the property adjacent to the disputed location was a commercial district the action of the city was not an unreasonable exercise of the police power. The holding in *Neef* v. *The City of Springfield,* 380 Ill. 275, is to the same effect.

This court has recognized that general undertaking constitutes a business and not a profession, (*Ahern* v. *Nudelman,* 374 Ill. 237,) and the statutes of the State of Illinois permit municipal corporations to locate undertaking establishments. Ill. Rev. Stat. 1945, chap. 24, par. 23-83.

The zoning ordinance in question covered a substantial portion of the residential area of the city of Springfield and at the time this suit was begun had been in force for over twenty years. Many homes were purchased and constructed during that period and the owners thereof had a right to rely upon the rule that general classification will not be changed unless required for the public good. (*Kennedy* v. *City of Evanston,* 348 Ill. 426.) The case of *Johnson* v. *Village of Villa Park,* 370 Ill. 272, relied on chiefly by the appellants, presented a different situation in that in the instant case the property in question is in a highly developed residential district, while in the *Villa Park case* the property was located in an area developed largely to business uses.

It is also held in *Neef* v. *City of Springfield* that where the issue as to whether or not the area is to be characterized as residential is debatable the problem should be answered by the city council and not by this court. That question is certainly debatable in this case.

Considering the postve proof that the area is largely residential and applying the principles laid down by this court in many zoning cases, we believe the record in this case clearly shows a reasonable exercise of police power on the part of the city of Springfield in its application to

the property owned by Vancil, and the decree of the circuit court will be affirmed.

*Decree affirmed.*