(No. 31908.

MUNDELEIN ESTATES, INC., *et al.*, Appellants, *vs.* THE VILLAGE OF MUNDELEIN, Appellee.

*Opinion filed May 24, 1951.*

E. R. PARNASS, of Waukegan, for appellants.

OVERHOLSER & LEWIS, of Libertyville, (ALFRED W. LEWIS, of counsel,) for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

This is a direct appeal from a decree of the circuit court of Lake County which dismissed, for want of equity, a complaint by which the appellants, who are Mundelein Estates, Inc., Lillian Pickus and Louie Pickus, sought to enjoin the enforcement of a zoning ordinance by the village of Mundelein. The trial judge has certified that the validity of a municipal ordinance is involved and appellants' attack on the ordinance is based on the contention that the restriction it places on the use of their property is unreasonable and arbitrary and denies them due process of law.

On March 6, 1946, Mundelein, a village having a population of about 3350, adopted a zoning ordinance establishing uniform districts and prescribing certain uses in each district. Designated for residential use by one section of the ordinance was all that portion of the village lying west of Lake Street, south of Hammond Street, and north of Crystal Street. The western boundary of this district is apparently located in a portion of the village as yet not subdivided. The record shows that there has been

considerable residential development in the district except on the lots facing the west side of Lake Street. Appellants are the owners of four lots, fronting on the west side of Lake Street, at the southwest corner of Lake and Division Streets. Hammond Street is one block north of Division Street and Crystal Street is one block south of it; all three streets run parallel in an east-west direction and connect with Lake Street, the eastern boundary of this particular residential district. The latter street is a paved highway, sixty-six feet wide, over which passes U.S. Route 45. There is nothing in the evidence, exhibits, or in the portion of the ordinance set forth in the briefs, which enables us to accurately state the zoning classification placed on the areas immediately north, east and south of the residential area fixed by the portion of the ordinance above described. At the time the ordinance was adopted, the block in which appellants' land is situated was vacant except for a church, a parish house and a private residence valued at $18,000, all of which faced Lake Street. Appellants contracted for two of their lots in 1942, and for the other two in 1947, receiving deeds in 1949 or early 1950. Since the adoption of the ordinance, the only new construction in the block has been a $160,000 parochial school, a use permitted by the ordinance. Appellants now desire to erect commercial buildings, including a variety store, drugstore and filling station on their property, and seek to enjoin the village from enforcing the ordinance against their property, contending that its classification for residential use is arbitrary, unreasonable and confiscatory.

It is the established rule in zoning cases that the presumption is in favor of a zoning ordinance adopted pursuant to a legislative grant, and one assailing its validity has the burden of proof that the ordinance is invalid or arbitrary or unreasonable as to his property, and that there is no permissible interpretation which justified the adoption, or that it will not promote the safety, convenience and general

welfare of the public. (62 C.J.S. Municipal Corporations, sec. 228(2); *Neef* v. *City of Springfield,* 380 Ill. 275; *Behnke* v. *Trustees of the Village of Brookfield,* 366 Ill. 516.) Appellants confess to the validity of the ordinance in all respects, except insofar as its application affects their property. The only real issue raised by the proof made by appellants is whether the ordinance is unreasonable, arbitrary and discriminatory because of the presence of commercial buildings along the east side of Lake Street; because of the presence of a filling station and a tavern on the west side of Lake Street; and because the majority of the lots on the west side of Lake Street for several blocks to the north and south of the block containing appellants' land, are vacant lots which have not been utilized for private residence purposes over a number of years.

We have pointed out in numerous decisions that the justification for a zoning restriction is the greater benefit which accrues to the public as a whole, and in observing this principle have held that the mere presence of buildings or areas being put to a use to which the person attacking the validity of a zoning ordinance seeks to put his property, is a wholly insufficient circumstance to show that the ordinance was invalid or discriminatory as to the property of the one assailing the ordinance. (*City of Springfield* v. *Vancil,* 398 Ill. 575; *DeBartolo* v. *Village of Oak Park,* 396 Ill. 404; *Neef* v. *City of Springfield,* 380 Ill. 275; *Evanston Best & Co. Inc.* v. *Goodman,* 369 Ill. 207.) The fixing of zoning lines is a matter of legislative discretion and necessarily results in a different classification on either side of a boundary line. This does not render limitations on use of property near the boundary line in a more restricted district unreasonable or invalid. (*Wesemann* v. *Village of La Grange Park,* 407 Ill. 81.) An examination of the cases cited will show that the properties there involved and compared had a greater proximity to each other than the properties involved in the present case, and in

some instances were even adjacent properties. As pointed out in the *Neef case*, appellants' contention that it is unreasonable to allow a commercial classification to a neighbor, and deny the same classification to their property, would lead to the conclusion that an entire residential area could be progressively rezoned until the whole area was commercialized. The contention in the present case, that the ordinance is unreasonable because of the presence of commercial buildings on the east side of Lake Street, is not sufficient to establish that the ordinance is invalid. The same principles are applicable to the contention made as to the presence of two fairly distant commercial buildings on the west side of Lake Street.

The contention that it was arbitrary, unreasonable and discriminatory to zone the west side of Lake Street for residence uses because the vacant lots there had not enjoyed a brisk sale for use as private residences, is likewise without merit. All vacant lots were treated the same, including those of appellants, thus no question of discrimination presents itself. The fear of an influx of commercial buildings on the west side of Lake Street could well have been the factor which restrained the public from purchasing or utilizing such lots for residence purposes. In the absence of any attack on the necessity or purpose of the ordinance, the action of the village in removing the uncertainty which faced prospective buyers and builders, by zoning the lots exclusively for residential purposes, constitutes a logical and reasonable act, rather than an arbitrary and unreasonable act.

Next, appellants strongly urge that their property should have been zoned for commercial use because it is so characterized by other commercial buildings in the area, particularly those in close proximity on the east side of Lake Street. Appellee in turn contends that appellants' property is properly characterized as residential property by virtue of the residence located next to it, and because of the

residential areas immediately west of it. Appellants' position is based largely on the decision in *Forbes* v. *Hubbard,* 348 Ill. 166, which stated that in zoning property of the character *there* involved, dividing lines should avoid making one side of a main artery of travel purely residential, where the opposite side is used as business property and has established its character as such. The *Forbes case* does not set any hard and fast rule as to the location of dividing lines along streets, and the decision was, as is true in all zoning cases, based on the peculiar facts of that case. The same facts do not exist here, nor are the properties and locations involved substantially similar. It is true, also, that some physical features of a street such as width, gradient, and its utilization by various means of transportation may make 'it desirable, reasonable and best for public safety and convenience, that one side be zoned for residence purposes and the other side for commercial use. For the most part, despite the decision in the *Forbes case,* we have held that where the question of whether property should be characterized as residential or as commercial is fairly debatable, it is a question to be answered by the city council and not by this court. (*Wesemann* v. *Village of La Grange Park,* 407 Ill. 81; *Neef* v. *City of Springfield,* 380 Ill. 275.) Zoning must begin and end somewhere, and we cannot, in this instance, say that it was arbitrary or unreasonable to make Lake Street a dividing line between zoning districts. The question of the character which attaches to appellants' property is certainly debatable, and as the trial court must have felt, we see no purpose in changing the characterization fixed by the village of Mundelein.

One of the factors which must always be considered in determining whether the invasion of property rights under a purported police power is unreasonable and confiscatory, is the degree in which the values incident to the

property are diminished by the provisions of the zoning ordinance. (*Forbes* v. *Hubbard,* 348 Ill. 166; *People ex rel. Deitenbeck* v. *Village of Oak Park,* 331 Ill. 406.) Here, the sole evidence of diminution of value consisted of the testimony of Louie Pickus and of a real-estate broker named Enevold, that appellants' property had a value of $50 to $60 per front foot for commercial purposes and *no* value for residential purposes. No evidence of the purchase price was introduced nor does it appear that appellants ever made, or intended to make, an effort to sell their property for residential uses. These factors, when considered with the evidence that the lots were zoned for residential purposes and that a residence valued at $18,000 was located on the lot just south of appellants' land, gives a doubtful quantity to the negative testimony that appellants' property had *no* value as residence property. There is nothing in the proof made upon which to base a judicial determination of whether the ordinance was confiscatory in its application to appellants' land. In connection with this same point, appellants sought to prove that their land had been zoned for business use previous to the 1946 ordinance; however, no prior ordinance to that effect was introduced in evidence. We presume, therefore, that none existed and that the 1946 ordinance was, as a former village official testified for appellee, an original zoning ordinance for the area.

In retrospect, it is apparent that the record here lacks the facts necessary to establish the invalidity of the ordinance attacked. The many conclusions drawn from the pleadings and testimony need not be related; it is sufficient to say that they may not be considered as evidence. The circuit court of Lake County properly dismissed the complaint for want of equity and its decree is affirmed.

*Decree affirmed.*