(No. 34033.—

RAMS-HEAD COMPANY, Appellant, *vs.* THE CITY OF DES PLAINES, Appellee.

*Opinion filed September 25, 1956.*

FRANK P. ZALESKI, of Chicago, for appellant.

MARSHALL S. HOWARD, of Chicago, for appellee.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

Plaintiff-appellant, Rams-Head Company, an Illinois corporation, brings this direct appeal from the circuit court

of Cook County seeking reversal of a decree dismissing for want of equity its complaint for declaratory judgment filed against defendant-appellee, the city of Des Plaines, praying that the Class C commercial district classification, as applied to its real estate under the Des Plaines zoning ordinance, and all amendments thereto, be declared invalid and void.

The plaintiff has taken a direct appeal to this court on the certified ground that the validity of a municipal ordinance is involved.

Plaintiff alleged that the disputed property is no longer suitable for the permitted uses under the zoning ordinance; that the highest and best use thereof is for industrial purposes; that the ordinance and classification of plaintiff's real estate in the Class C commercial district is arbitrary, discriminatory and unreasonable; that such classification fails to bear any relation to or to enhance the public safety, health, morals, comfort or general welfare; that the enforcement of this zoning ordinance would constitute the taking of plaintiff's property for public use without paying just compensation therefor; and that by reason thereof said ordinance is contrary to the constitutions of the United States and of the State of Illinois, and that plaintiff had exhausted his administrative procedures for variation before a board of zoning appeals and the city council.

Defendant denied that its zoning ordinance is invalid or unconstitutional in any respect whatsoever.

The master, after hearing the evidence, reported that the testimony was conflicting, but nevertheless recommended that a decree be entered in accordance with the prayer of the complaint. He found that the disputed property is no longer suitable for any of the permitted uses under the ordinance; that all experts agree that the Class C commercial district classification, as applied to the involved premises, is undesirable; that the industrial uses in the area and a railroad with its switching facilities and activi-

ties impinge upon the involved property and characterize it as industrial, despite the fact that on Graceland Avenue there is a substantial residential use; that there have been changes in the uses in the area within the past three or four years which have affected and make the subject property suitable for light industrial use; and that the highest and best use of the subject premises is for I-1, light industrial purposes, for the reason that such use would implement a natural extension of the nearby and surrounding area consistent with the current trend of development.

Defendant objected to the master's report on the grounds that the conclusions and recommendation were contrary to the weight of the evidence, and that his report sets forth an unfair picture of the zoning as it relates to plaintiff's property.

The trial court ordered the objections to stand as exceptions to the master's report and after hearing arguments of counsel, sustained the exceptions and dismissed the suit for want of equity.

The evidence shows that the property in question was zoned Class C commercial district, before and at the time it was acquired by plaintiff; that it was, when purchased three years before this suit was filed, improved with three residences, each over 50 years old and now rented as dwelling units at $75 per month; that said tract is located in the middle of the block on the west side of Graceland Avenue, south of Thacker Street and north of the Soo Line railroad. The frontage is 250 feet and the tract extends westerly 190 feet to an alley, across which is located a triangular tract, which fronts on Thacker Street, is bounded by the railroad and alley on the other two sides, is zoned I-1, light industrial, and is occupied by an affiliate corporation engaged in the manufacture of saw blades, a light manufacturing process, from which there are no objectionable odors, smoke or gases discernible on the outside of its building. Plaintiff has constructed a concrete floored,

steel trussed warehouse on the disputed premises, and has rented the same to a steel company. The railroad right of way lies within five feet of the southwest corner of the disputed property and along a side of the affiliate's triangular tract, zoned I-1, light industrial. Several freight trains are operated each day on the double track, and nearby switch tracks are frequently used to serve an oil company bulk station, a lumber and coal company having coal silos, and a company manufacturing pallets from cardboard, all of which are located within 600 feet of the subject premises, but not on Graceland Avenue.

On the west side of Graceland Avenue, between the Soo Line railroad and Thacker Street, there are six houses, all more than fifty years of age, three of which are located on the subject premises, as above mentioned. The west side of Graceland Avenue, north of Thacker Street, is zoned residential except for a church located in the first block. The next three and one-half blocks north on Graceland Avenue are zoned residential, and beyond that point Graceland Avenue is zoned for commercial uses. On the east side of Graceland Avenue, in the same block where the subject property is located, there is a vacant lot adjacent to the Soo Line railroad, having about 100 feet of frontage. This is sometimes used as a parking lot for several large trailers. North of this vacant lot five residences are located and north of these residences two vacant lots are situated at the corner of Graceland Avenue and Thacker Street. In the next block north there are several dwelling houses, and the second block north is used for commercial pursposes. All of the houses are old except one which was built within the past five years on property zoned for Class C, commercial use.

Lee Street, being U.S. Route 45, a main north-south thoroughfare, lies immediately east of Graceland Avenue and has "unrestricted" zoning, an unusual classification included in the original zoning ordinance. Some of the lots

on the west side of Lee Street are improved with commercial type buildings. A few are vacant. The lot adjacent to the railroad is used as a materials storage yard. The east side of Lee Street is used for commercial and light industrial purposes.

The record shows that the plan commission of the defendant city has recommended to the city council the adoption of a new comprehensive zoning ordinance which reclassifies plaintiff's property as residential, and the above mentioned "unrestricted" property on Lee Street as commercial. When this case was heard, the proposed ordinance had not as yet been adopted by the city council.

One of plaintiff's expert witnesses is a real estate agent, who is a former resident of Des Plaines and had served on its plan commission. He testified that the property zoned as commercial has about the same value as if it were zoned residential, being between $50 and $60 per front foot, totaling between $12,500 and $15,000. He stated that if the premises were zoned I-1, light industrial, the value would be between $0.80 and $1.00 per square foot, being from $38,000 to $47,000. Another expert witness for plaintiff, who is an architect and city planner and had been a member of the master plan staff for the city of Chicago, is a consultant in zoning, and was then employed as a city planner of Robbins, Illinois. He testified that the subject property is in the wrong location for commercial purposes and that commercial zoning is not reasonable for the disputed property. Both of plaintiff's experts concluded that the highest and best use for the subject property is industrial because the surrounding uses are industrial and each of them stated as his opinion that authorizing such use for the subject property would not adversely affect the surrounding or adjacent properties, chiefly because of the nearby railroad operations and the slight difference between commercial and light industrial activities.

Defendant's zoning consultant, an architect and city planner who had prepared the new zoning ordinance, testified as an expert witness and stated that he had recommended that the zoning of the disputed property be changed from commercial to residential because he considered the highest and best use for the subject premises and for the block in which it is located to be residential for the reason that the neighborhood is now residential. He stated as his opinion that to change the subject property to industrial would greatly depreciate the surrounding residential property and would increase traffic congestion and create parking problems. A real estate agent testified that Graceland Avenue is one of the more desirable residential streets in the city because it has a tree-lined view and is close to shopping and transportation.

The only issue before us is whether the ordinance, as amended, is invalid and void as applied to plaintiff's property. (*First National Bank of Lake Forest* v. *County of Lake*, 7 Ill.2d 213, 130 N.E.2d 267.) This court cannot act as a zoning body nor take any action to reclassify or rezone the disputed property. We, therefore, can only consider the question as to whether the decision of the trial court in dismissing the complaint for declaratory judgment for want of equity was proper. A presumption favoring its validity always obtains where the proper authorities adopt a zoning ordinance pursuant to a legislative grant. (*Galt* v. *County of Cook*, 405 Ill. 396, 91 N.E.2d 395; *City of Springfield* v. *Vancil*, 398 Ill. 575, 76 N.E.2d 471; *Rothschild* v. *Hussey*, 364 Ill. 557, 5 N.E.2d 92.) One assailing the validity of such an ordinance as arbitrary, discriminatory and unreasonable as applied to a particular property must prove by clear and affirmative evidence that the ordinance constitutes arbitrary, discriminatory and unreasonable municipal action, that there is no permissible interpretation which justified its adoption or that it will not promote the safety, health, morals, comfort and gen-

eral welfare of the public. *People ex rel. Alco Deree Co. v. City of Chicago,* 2 Ill.2d 350, 118 N.E.2d 20; *Mundelein Estates v. Village of Mundelein,* 409 Ill. 291, 99 N.E.2d 144.

Among the particular facts and circumstances to be taken into consideration in determining whether a zoning ordinance is so unreasonable and confiscatory as to constitute an unlawful invasion of private rights are the character of the neighborhood, the zoning classification and use of nearby properties, the extent to which property values are diminished by the particular zoning restrictions involved, and the gain to the public compared to the hardship imposed on the individual property owner. *Trust Co. of Chicago v. City of Chicago,* 408 Ill. 91, 96 N.E.2d 499; *Galt v. County of Cook,* 405 Ill. 396, 91 N.E.2d 395.

The extent to which values are diminished by the restrictions of the ordinance must always be considered in determining whether an alleged invasion of property rights by a zoning ordinance is arbitrary, discriminatory, unreasonable or confiscatory. The highest and best use of the property immediately involved is but one factor to be considered. The effect upon the value of other property must always be taken into account. (*People ex rel. Alco Deree Co. v. City of Chicago,* 2 Ill.2d 350.) The fact that the subject property may be more valuable if zoned for other uses is not decisive, as this fact exists in nearly every case where the intensity with which property may be used is restrained by the zoning laws. *Miller Brothers Lumber Co. v. City of Chicago,* 414 Ill. 162, 111 N.E.2d 149.

The privilege of using property may be restricted by legislative action when public welfare demands. (*2700 Irving Park Bldg. Corp. v. City of Chicago,* 395 Ill. 138, 69 N.E.2d 827.) The legislative judgment of the city council in zoning matters is conclusive, unless it is shown to be arbitrary, capricious and unrelated to the public morals, safety and general welfare. (*Mercer Lumber Companies v. Village of Glencoe,* 390 Ill. 138, 60 N.E.2d 913.)

Where there is room for a legitimate difference of opinion concerning the reasonableness of a particular ordinance, the finding of the legislative body will not be disturbed by the courts. (*Burkholder* v. *City of Sterling,* 381 Ill. 564, 46 N.E.2d 45.) The rules applicable to this case have long been well established, and recently reviewed in *Krom* v. *City of Elmhurst,* 8 Ill.2d 104, 133 N.E.2d 1; *First National Bank of Lake Forest* v. *County of Lake,* 7 Ill.2d 213, 130 N.E.2d 267; *La Salle National Bank* v. *City of Chicago,* 6 Ill.2d 22, 126 N.E.2d 643; and *Tower Cabana Club, Inc.* v. *City of Chicago,* 5 Ill.2d 11, 123 N.E.2d 834.

In the instant case, taking into consideration the evidence most favorable to plaintiff, it is evident that the property could be reasonably zoned either for residential, commercial or industrial purposes. The conflicting evidence creates a substantial doubt, which must be resolved by the city council and not by this court. A change to I-1, light industrial, zoning would increase traffic hazards and congestion, and would depreciate the value of surrounding dwelling houses in the predominantly residential area. It is evident that this ordinance is reasonably related to the promotion of the public safety, health, morals, comfort and general welfare. The record shows that plaintiff has not proved by clear and convincing evidence that this ordinance is confiscatory in its application to plaintiff's land, or that it is arbitrary and unreasonable.

For these reasons, the decree dismissing the complaint for declaratory judgment, entered in the circuit court of Cook County, is affirmed.

*Decree affirmed.*