(No. 18146.—Decree affirmed.)
THE VILLAGE OF WESTERN SPRINGS, Appellee, *vs.* JULIUS BERNHAGEN, Appellant.

*Opinion filed April 20, 1927—Rehearing denied June 10, 1927.*

1. MUNICIPAL CORPORATIONS—*what may be considered in determining reasonableness of ordinance.* Where the reasonableness of an ordinance is challenged the question for the court is not whether it thinks the ordinance wise but whether it has a rational relation to the public health, morals, safety or general welfare, and a court will not hold an ordinance unreasonable where there is room for a fair difference of opinion on the question, even though the correctness of the judgment of the enacting body may be doubtful.

2. SAME—*ordinance exercising a granted power is presumed reasonable in absence of contrary showing.* An ordinance passed in pursuance of power to legislate on a particular subject without limitation must be reasonable, but the presumption is in favor of the validity of such ordinance, and it is incumbent on the party attacking it as an unreasonable and oppressive exercise of the power to show affirmatively and clearly its unreasonableness.

3. SAME—*when zoning ordinance must be held reasonable—gas stations.* A zoning ordinance classifying nearly all the territory of a suburban village as residential, with the exception of territory within one block of the railroad on which the village is located, must be held a reasonable exercise of the zoning power and to exclude the erection of gasoline filling stations in the residential district after the adoption of the ordinance, where the ordinance was adopted after careful consideration by a zoning commission, with the assistance of a civil engineer who was an expert in zoning and city planning, and after a public hearing.

APPEAL from the Circuit Court of Cook county; the Hon. IRA RYNER, Judge, presiding.

HENRY F. ANTES, for appellant.

RUSSELL B. JAMES, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This appeal is from a decree of the circuit court of Cook county granting the prayer of a bill for injunction filed by appellee, the village of Western Springs, against appellant, Julius Bernhagen, restraining him from operating a station for the sale of gasoline and lubricating oils at the southwest corner of Ogden avenue and Central avenue, in Western Springs.

Western Springs is a suburban residential community, with a population of about 1800, located fifteen miles west of Chicago, on the Chicago, Burlington and Quincy railroad. It has no manufacturing institutions and its business district is limited to a small area along the railroad, which runs east and west through the village, about equidistant from the northern and southern limits. Ogden avenue, which is about a mile and a half north of the railroad, is the northern limit of the village. July 9, 1923, a zoning ordinance was adopted, which placed substantially all the territory in the village, except that within a block of the railroad, in the "A" residential district, which is restricted principally to single-family dwellings. When this ordinance was adopted there was located on Ogden avenue, at the east line of the village, a filling station, and the two lots on which it was located were zoned as a local business district. Shortly before the ordinance was adopted appellant purchased the lot in question and erected thereon a six-room stucco bungalow and private garage. Thereafter he filed a petition with the board of appeals asking that it modify the provisions of the ordinance relating to the use of his property, and this request was denied. Notwithstanding the provisions of the ordinance forbidding the establish-

ment of a business on his lot he placed thereon in the month of August, 1925, a gasoline storage tank and two gasoline pumps and began selling gasoline and lubricating oil to automobilists.

The only question preserved for review and presented by appellant is the reasonableness of the ordinance. Route No. 18 of the State system of highways passes along Ogden avenue. This is the principal thoroughfare between Chicago and Aurora and the traffic on it is heavy. North of the avenue is a forest preserve, and during the summer months, particularly on Sundays and holidays, large crowds gather in this preserve. Picnics are held at Salt creek, about half a mile north of Ogden avenue. Wolf road extends north into the preserve. Appellant's property is situated more than three blocks west of this road. A strip of land eighty rods wide along the south side of the preserve is open, cultivated land, and from this strip north the land is wooded. Excepting the filling station and lunch stand at the eastern limits of the village, a refreshment stand near Wolf road and another near the western limits of the village in the forest preserve, and three temporary real estate offices, there are no business houses along Ogden avenue in Western Springs. In the villages to the east and to the west of Western Springs there are business houses along the avenue. Since the zoning ordinance became effective there have been erected five inexpensive bungalows along the avenue but no high-class residences. Most of the lots in the village are laid out so that residences erected on them will face the avenues running south from Ogden. A short distance from Ogden avenue there have been erected a number of substantial residences. On Central avenue, within one and one-half blocks of appellant's property, there are about fifteen single-family dwellings, three of them costing about $20,000 each. The zoning commission was appointed in October, 1922, and a civil engineer specializing in zoning and city planning was retained by the commission to make

surveys and zone the village into use, height and area districts. Hearings were held during the nine-months period preceding the adoption of the ordinance, and the ordinance as finally adopted remains unchanged.

Where the legislature grants to a municipal corporation power to legislate on a particular subject without prescribing the limits of such legislation, an ordinance passed in pursuance of the power must be a reasonable exercise of it. (*City of Carbondale* v. *Reith,* 316 Ill. 538.) When the reasonableness of the ordinance is challenged the question for the court is not whether it thinks the ordinance wise, but whether the ordinance has a rational relation to the public health, morals, safety or general welfare. (*City of Aurora* v. *Burns,* 319 Ill. 84.) A court will not hold an ordinance unreasonable where there is room for a fair difference of opinion on the question, even though the correctness of the legislative judgment may be doubtful. (*Klever Karpet Kleaners* v. *City of Chicago,* 323 Ill. 368.) Where an ordinance is passed in the exercise of a power conferred upon a municipality the presumption is in favor of its validity, and it is incumbent upon the party attacking it as an unreasonable and oppressive exercise of the power to show affirmatively and clearly its unreasonableness. (*People* v. *Village of Oak Park,* 266 Ill. 365; *Standard Oil Co.* v. *City of Danville,* 199 id. 50; *Village of Euclid* v. *Ambler Realty Co.* 47 Sup. Ct. 114; *City of DesMoines* v. *Manhattan Oil Co.* 193 Iowa, 1096, 184 N. W. 823.) While the lots immediately adjacent to Ogden avenue are less desirable for family dwellings than those farther removed from the noise of the traffic, it is evident that the only businesses which can thrive in such a location are filling stations and refreshments stands, which cater to the traveling public. Such businesses will materially depreciate the value of adjoining property for residence purposes. Appellant bought his property after the zoning commission had been appointed and after most of the territory had been surveyed. It is

clear from this record that interference by the courts would be unwarranted. The ordinance is a reasonable exercise of the power conferred upon the village by the legislature, and appellant must conform to its provisions in the use of his property.

The decree of the circuit court is affirmed.

*Decree affirmed.*