(No. 23528.—

MARGARET ROTHSCHILD, Appellant, *vs.* CHARLES R. HUSSEY *et al.* Appellees.

*Opinion filed October 27, 1936—Rehearing denied Dec. 3, 1936.*

HERRICK, C.J., and FARTHING and SHAW, JJ., dissenting.

SOELKE, KOEHN & LOEWY, and EDWARD M. PLATT, for appellant.

WILLIAM B. MCKINLEY, Village Attorney, and TAYLOR, MILLER, BUSCH & BOYDEN, (JAMES J. MAGNER, CASSIUS M. DOTY, and CHARLES R. SPROWL, of counsel,) for appellees.

Mr. Justice Orr delivered the opinion of the court:

The superior court of Cook county refused to grant a writ of *mandamus* to compel the municipal authorities to issue a building permit to appellant to erect a gasoline filling station in the village of Forest Park. The case comes here on direct appeal because the trial court certified that the validity of a municipal ordinance is involved.

The ordinance in question is a zoning ordinance and the property involved is situated in a district wherein gasoline filling stations are prohibited. The sole inquiry is whether the ordinance, as applied to appellant's property, is so unreasonable, arbitrary and confiscatory as to render it unconstitutional.

In 1927 the village of Forest Park adopted a zoning ordinance creating a local retail shopping district on Madison street and excluding from such district all gasoline stations and garages. The testimony of and records kept by members of the zoning commission show that the question of the exclusion of gasoline stations and garages from Madison street was the main topic of discussion at several meetings of the zoning commission. The purpose for such exclusion, as stated by Ferdinand L. Schulze, then chairman of the zoning commission, was to protect and preserve that street as a shopping area for the village. Other witnesses, property owners and merchants on Madison street, testified that they had made various and extensive improvements because of the restrictive provisions of the zoning ordinance which kept gasoline stations and garages out of the Madison street shopping district. One Zimmerman, who owns the first tract of real estate west of appellant's property on Madison street, testified that before he purchased the property he had his attorney examine the zoning ordinance to be certain that the property he intended to purchase would be in a high-class retail commercial district wherein gasoline stations and garages were prohibited. Upon discovering this to be a fact he paid $54,000 for his

property and added $2500 worth of improvements. The opinions of various other witnesses were given, to the effect that a gasoline filling station on Madison street would be dangerous to the safety of some two hundred or more school children who passed the location in question daily; that it would increase fire insurance rates on adjoining property; that it would reduce property values on near-by real estate about twenty-five per cent, and that its construction and operation would be detrimental to the public safety.

The appellant, Margaret Rothschild, a resident of Chi-. cago, purchased the property she now desires to convert into a filling station on January 7, 1935. At the time of this purchase the zoning ordinance had been in force and effect for nearly eight years. In September, 1935, she appeared before the zoning commission of the village and obtained its recommendation to the council for an amendment to the zoning ordinance to classify her property in such manner as would permit the erection of the gasoline filling station. The village council refused to amend the zoning ordinance.

The power of a city or village to adopt comprehensive zoning laws is based upon the police power, and their prohibitive restrictions are valid if they bear a reasonable relation to the public comfort, morals, safety and general welfare. (*Koos* v. *Saunders,* 349 Ill. 442; *Forbes* v. *Hubbard,* 348 id. 166; *City of Aurora* v. *Burns,* 319 id. 84.) We have repeatedly held that these relative factors are determinative regardless of the fact that here and there some individual may suffer an invasion of his property. (*Forbes* v. *Hubbard, supra.*) The presumption is in favor of the validity of a zoning or other ordinance adopted pursuant to a legislative grant, and it is incumbent upon the property owner attacking it to affirmatively and clearly show its unreasonableness. (*Village of Western Springs* v. *Bernhagen,* 326 Ill. 100; *People* v. *Village of Oak Park,* 266 id. 365.) When the reasonableness of the ordinance is

challenged, the question for the court is not whether it thinks the ordinance wise, but whether it has a rational relation to the public health, morals, safety or general welfare. *City of Aurora* v. *Burns, supra; City of Carbondale* v. *Reith,* 316 Ill. 538.

The record here shows that the zoning ordinance was the result of careful study and investigation by the zoning commission over a four months' period of time. A public meeting was held, where interested parties could be heard. The ordinance embraced the entire village within its provisions. At the time this suit was begun it had been in force for nearly ten years and real estate was purchased and many improvements made in reliance upon its restricted classifications. The record also shows that the zoning ordinance in question designated as Commercial District "A" a certain portion of Madison street as a restricted shopping area, excluding therefrom twenty-two different trades, uses and industries, including gasoline filling stations, and that it also designated Commercial District "B," wherein gasoline filling stations and many other businesses and trades were permitted. This case therefore differs from the situation presented in *State Bank and Trust Co.* v. *Village of Wilmette,* 358 Ill. 311. Under these circumstances we are not prepared to disturb the holding of the trial court and set aside the action of the city council by substituting our judgment for theirs. On the contrary, we believe the record clearly shows the ordinance is a reasonable exercise of police power and bears a rational relation to the public health, safety and general welfare.

The judgment is affirmed. *Judgment affirmed.*

HERRICK, C.J., and FARTHING and SHAW, JJ., dissenting.