(No. 31186.

ROBERT J. DUNLAP *et al.,* Appellants, *vs.* THE CITY OF WOODSTOCK *et al.,* Appellees.

*Opinion filed March 22, 1950.*

D. T. SMILEY, of Woodstock, for appellants.

JAMES H. COONEY, City Attorney, of Woodstock, (THEODORE L. HAMER, of counsel,) for appellees.

Mr. JUSTICE DAILY delivered the opinion of the court:

This is an appeal from an order of the circuit court of McHenry County, dismissing appellants' petition for a writ of *mandamus* to compel the building commissioner of the city of Woodstock to issue a building permit allowing appellants to construct a grocery store on the north half of their residence property in that city.

On September 6, 1947, the city of Woodstock adopted a comprehensive zoning ordinance establishing uniform districts and prescribing certain uses of property in each of said districts. The property in question, owned by appellants, is part of an area zoned as "R-1," which is commonly described as a single-family residential district.

They own a home, which is constructed on the extreme south portion of their lot, and desire to construct a grocery store on the north half. The building commissioner denied them a permit for the construction of the building, on the ground that a store is not a permitted use in a "R-1" district. Appellants thereupon sought an amendment to the zoning ordinance, for the purpose of having their property reclassified from "R-1" to "B-1," within which type of district a grocery store is permitted. In compliance with the city ordinance and the State enabling act, a hearing was had on the petition of appellants before the board of zoning appeals of Woodstock. The board refused to recommend to the city council that appellants' property be reclassified for a business use. Appellants then apppeared before the city council, which referred the matter back to the zoning board for further consideration, and, after a second hearing, the board came to the same conclusion as in the first instance. Appellants again appeared before the city council and, after a hearing, the council affirmed the decision of the zoning board. This *mandamus* action was then started in the circuit court of McHenry County.

A copy of the Woodstock zoning ordinance, with a map attached, as prepared on September 5, 1947, and approved September 5, 1947, was stipulated into the record. It was further agreed that all of the property surrounding the subject property for several blocks is residential property, and that the sole objection of the building commissioner to the plans and specifications for the grocery store was that the property was zoned for residential purposes only.

Two real-estate agents were called as witnesses for the appellants and testified, in substance, that the present value of the north half of appellants' lot is $600, and that, if rezoned for commercial purposes, it would have a value of about $1200. One of them was of the opinion that the placing of a grocery store on that location would have little effect on the value of the surrounding property, but that

any effect would be depreciatory. He admitted that traffic on the street would be increased, but denied that it would be congested, or that it would contribute to a fire hazard. Several other witnesses, who owned property in the vicinity of appellants, or who had bought and sold property in that vicinity in recent years, were called. Their testimony was in substance the same as the real-estate brokers. While several witnesses testified that it would be more convenient for them to have a grocery store in the vicinity, none were of the opinion that it would appreciate the value of property in that area.

Appellees called but one witness, who was a real-estate broker and an insurance man doing business in Woodstock. He testified that if a permit were allowed and a store were erected on the property, it would decrease the value of the property in the immediate vicinity; and that if a grocery store were erected on the lot, traffic in that area would tend to be increased to such an extent that the street in front of the property might become congested. He further testified that insurance rates on residential property in the proximity of commercial property were higher than those on property located in exclusive residential districts. He admitted that a grocery store might serve as a convenience to the residents living in the neighborhood.

The principal issues in cases of this nature are threefold: (1) Are the restraints imposed upon appellants' property under the comprehensive zoning ordinance of the city of Woodstock reasonable, and do they bear a reasonable relation to public morals, safety and general welfare? (2) Do changes, if any, that have occurred since the enactment of the ordinance, justify rezoning? (3) Is appellants' property suitable for single-family residence for which it was zoned?

Considering these points in inverse order, we note that there was no direct evidence as to the suitability of the subject property for single-family residence purposes other

than the stipulated facts that all of the property for several blocks in each direction was zoned for single-family residence purposes, and that the south half of that lot was now occupied by a building erected for that purpose. Nor does the record contain any evidence of changes that have occurred since the enactment of the zoning ordinance to justify rezoning.

As to the first issue stated, it has always been recognized in this State that constitutional guarantees of private rights are subject to the qualification that they may be cut down by governmental agencies acting under the police power of the State. (*Neef* v. *City of Springfield,* 380 Ill. 275; *City of Chicago* v. *Rogers Park Water Co.* 214 Ill. 212.) Zoning ordinances have constantly been upheld on that ground. (*Rothschild* v. *Hussey,* 364 Ill. 557; *Koos* v. *Saunders,* 349 Ill. 442.) However, to justify an invasion of private rights as a valid exercise of the police power, it must be shown that the power was exercised for the preservation of the safety, health, morals or general welfare of the public. (*Neef* v. *City of Springfield,* 380 Ill. 275.) The legislative determination of what is a proper exercise of police power is not conclusive. (*State Bank and Trust Co.* v. *Village of Wilmette,* 358 Ill. 311; *Koos* v. *Saunders,* 349 Ill. 442.) Whether the means employed have a real, substantial relation to the public health, comfort, morals, safety or welfare, or are unreasonable and arbitrary, is a question subject to review by the courts. (*State Bank and Trust Co.* v. *Village of Wilmette,* 358 Ill. 311; *Western Theological Seminary* v. *City of Evanston,* 325 Ill. 511.) The determination of whether a particular ordinance is, in fact, in the interest of the public welfare is dependent in each case upon the factual situation presented. *Johnson* v. *Village of Villa Park,* 370 Ill. 272; *Reschke* v. *Village of Winnetka,* 363 Ill. 478.

The evidence discloses that the value of appellants' property would be increased if they were granted a permit to

erect a grocery store thereon, but that the value of other property in the neighborhood would be decreased thereby; and that the erection of a business building in an area now exclusively zoned for residential purposes would tend to diminish the values of the properties in the adjoining area. Thus, the entire neighborhood would lose and the city would suffer by the resulting loss in taxable value. The prevention of such a loss is one of the specific purposes for which the zoning power is granted, and is directly related to public welfare. (*Neef* v. *City of Springfield,* 380 Ill. 275; *Michigan-Lake Building Corp.* v. *Hamilton,* 340 Ill. 284.) It is, of course, problematical as to how much the value of the adjoining property would be depreciated. If the gain to the public is small when compared with the hardship imposed upon the individual property owner by the restriction of the zoning ordinance, no valid basis for the exercise of the police power exists. (*Evanston Best & Co.* v. *Goodman,* 369 Ill. 207.) In the instant case, the evidence discloses that appellants' property would be increased in value about $600 by the issuance of the building permit. The evidence as to how much the value of other property in the vicinity will be depreciated varies from "very little" to "quite considerable."

In the absence of evidence to the contrary, the legislative judgment of the city council is conclusive. (*Jacobson* v. *Village of Wilmette,* 403 Ill. 250; *Neef* v. *City of Springfield,* 380 Ill. 275.) Where there is room for a fair difference of opinion concerning the reasonableness of a particular ordinance, we will not overthrow the considered findings of an impartial body which is presumably well equipped to decide the various issues involved. *Village of Western Springs* v. *Bernhagen,* 326 Ill. 100.

Nor can we conclude from the fact that several of the neighbors testified that it would be more convenient for them to have a grocery store near their home, or from the fact that the city council has refused to permit appellants

to put their property to the highest and best use to which they could put it, that the council acted in a capricious and arbitrary manner. The exercise of police power, in any form, will almost invariably reduce the value of rights of some individuals. The justification for the restriction is the greater benefit which accrues to the public as a whole. We have upheld zoning ordinances which operated to limit to a greater or lesser extent the potential value of an individual parcel of property. (*Neef* v. *City of Springfield,* 380 Ill. 275.) The burden of proving the unreasonableness of the classification in this case is on the appellants. They have wholly failed to show that the zoning ordinance is unreasonable in its application to their property.

Counsel for appellants have urged that it was error for the trial court to refuse to admit into evidence a petition signed by about 200 residents in the neighborhood, addressed to the mayor and council of the city of Woodstock, in which the petitioners requested that they act favorably on appellants' petition for the erection of a building on their premises and the opening of a grocery store therein. The petition recited that a grocery store would be a great accommodation to the petitioners and others, to secure their needs without traveling a much greater distance. The desire of property owners is not the controlling element in zoning territory in a community. In *Kennedy* v. *City of Evanston,* 348 Ill. 426, appellants sought to enjoin the enforcement of two amendments to the zoning ordinance of the city of Evanston, on the grounds that the change was not made because the public welfare demanded it but was made because certain parties wanted it. As in this case, a majority of the landowners, in and adjoining the district, petitioned for the change. We reversed the decree and said in part, "Appellee insists that the fact that a majority of the property owners in and adjoining the district in question want the change is proof of the changing condition of the territory. The power to amend is not arbitrary. It cannot be

exercised merely because certain individuals want it done or think it ought to be done. The change must be necessary for the public good." In the instant case the petition was not the best evidence of the facts of the controversy. We are of the opinion that the trial court did not err in refusing to admit this evidence.

From a careful consideration of the entire record and all points raised by counsel and their arguments, we conclude that the lower court was justified in denying the petition for writ of *mandamus,* and its judgment will be affirmed.

*Judgment affirmed.*