(No. 33155.—

HERZOG BUILDING CORPORATION, Appellee, *vs.* THE CITY OF DES PLAINES, Appellant.

*Opinion filed May 24, 1954.*

Marshall S. Howard, of Chicago, for appellant.

Frank P. Zaleski, (John Ligtenberg, of counsel,) both of Chicago, for appellee.

Mr. Justice Klingbiel delivered the opinion of the court:

The Herzog Building Corporation filed a complaint in the circuit court of Cook County against the city of Des Plaines, seeking a judgment declaring a certain zoning ordinance invalid in so far as it relates to plaintiff's real estate. An answer was filed, and after a hearing before the court judgment was entered granting the relief sought by plaintiff. Defendant appeals directly to this court, the trial judge having certified that the validity of a municipal ordinance is involved and that the public interest requires such appeal.

Plaintiff owns a tract of vacant land bordered on the north by Algonquin Road and on the west by Wolf Road. The frontage along Algonquin Road, east and west, is 612 feet. The frontage along Wolf Road, north and south, is 260 feet. The area across the street from plaintiff's property on Algonquin Road is zoned for single-family residences, and is occupied by such residences. The property diagonally across the intersection is occupied by a gasoline service station; the entire block on the north side of Algonquin Road west of Wolf Road being zoned for commercial use, although unoccupied except for the gasoline station. The property immediately across Wolf Road, to the west of plaintiff's property, is outside the city. It is occupied by a farm and farm buildings, with a fruit stand on the corner. The area to the south of plaintiff's property is a residential district; the property adjoining

it to the east is the proposed site of a public school building and playground; and the area east of the school site is also a residential one.

On March 2, 1953, the city amended its zoning ordinance by providing that all property not theretofore specifically classified for zoning purposes is classified as "Residence, Area District 'A.'" Plaintiff's property had not theretofore been classified for zoning purposes, and hence came within the terms of this ordinance. On April 6, 1953, the city reclassified the westerly 165 feet of plaintiff's frontage on Algonquin Roard for commercial use, but refused to change the classification of the balance of the property. Plaintiff contends the ordinance of March 2, insofar as it relates to the property in question, is arbitrary and unreasonable. Plaintiff makes no objection to the validity of the ordinance generally but only in its application to this real estate; and such is the effect of the judgment of the circuit court.

Plaintiff urges at the outset that this court has no jurisdiction of the cause on direct appeal, since it is only in its application to particular property that the ordinance is attacked. There is no merit in the position. The question involved is not one of construction. There is no doubt that by its terms the ordinance purports to apply to the property in question. The issue presented concerns its validity as so applied. A direct appeal is authorized in such cases, when the record contains the prescribed certificate of the trial court. (*Pringle* v. *City of Chicago,* 404 Ill. 473.) In *American Smelting & Refining Co.* v. *City of Chicago,* 409 Ill. 99, relied upon by plaintiff, the certificate of the trial court was not issued until after it had lost jurisdiction by the filing and service of a notice of appeal. The certificate was therefore void and ineffective to authorize the direct appeal which would otherwise have been proper in that case. Since in the present case the trial

court duly certified that the validity of a municipal ordinance is involved, this court has jurisdiction.

To reverse the judgment defendant contends that the evidence shows a reasonable relation to public health, safety and general welfare; and that the trial court therefore erred in holding the ordinance invalid as to plaintiff's property. It appears that plaintiff intended to use the land as a site for a shopping center with adjoining off-the-street parking area; that its highest and best use is for commercial purposes; and that there is no substantial commercial area nearer than the city's central business district, about a mile and a half away. The record further discloses that a commercial project of the size contemplated by the plaintiff would increase traffic hazards and congestion, and would depreciate the value of surrounding residential properties. While the property fronts on a State highway and would doubtless be appropriate for commercial development, it is not disputed that the area is predominantly residential in character. Under such circumstances, there is room for a fair difference of opinion concerning the reasonableness of the classification, and the legislative judgment of the city council must be conclusive. (*Dunlap* v. *City of Woodstock,* 405 Ill. 410.) There is nothing in the record before us showing that the ordinance is confiscatory in its application to plaintiff's land, or establishing any other facts justifying a conclusion that it is arbitrary and unreasonable. Where, as here, the question of whether property should be characterized as residential or as commercial is fairly debatable, it is a question to be answered by the city council and not by this court. *Mundelein Estates, Inc.* v. *Village of Mundelein,* 409 Ill. 291.

It follows from what we have said that the circuit court erred in holding the ordinance void as to plaintiff's property. The judgment must therefore be reversed.

*Judgment reversed.*