(No. 33251.—

LA SALLE NATIONAL BANK, Trustee, Appellee, *vs:* THE CITY OF CHICAGO, Appellant.

*Opinion filed November 18, 1954.*

JOHN J. MORTIMER, Corporation Counsel, of Chicago, (L. LOUIS KARTON, and ARTHUR MAGID, of counsel,) for appellant.

MAURICE L. BRONSLEY, (HARRY G. FINS, of counsel,) both of Chicago, for appellee.

Mr. CHIEF JUSTICE BRISTOW delivered the opinion of the court:

Plaintiff instituted a declaratory judgment proceeding in the circuit court of Cook County against the defendant, the city of Chicago, to have the court declare invalid and restrain the enforcement of a city ordinance enacted on March 18, 1931, zoning plaintiff's property to apartment use, and also the comprehensive Chicago Amendatory Ordi-

nance of December 3, 1942, insofar as it rezoned plaintiff's property from apartment to single-family residence use. After a hearing, the trial court entered a decree finding the zoning ordinances bore no reasonable relation to the public health, safety, morals or general welfare and were void and of no effect. The court further declared that the plaintiff and its successors and assigns should have the right to use and maintain the land in question for such retail business uses as are permitted under the Chicago zoning ordinance of April 5, 1923, except as to the north five feet and the west five feet which were to remain zoned "Single Family Residence" and to be landscaped with shrubberies. There was also a provision that the parking area should be black-top surfaced.

The trial judge having certified that the validity of a municipal ordinance is involved, defendant has taken a direct appeal to this court. Appellant insists that both ordinances are valid and reasonably related to the public health, safety, morals, comfort and welfare and are not an unreasonable exercise of police power or in violation of the spirit or intent of the zoning statutes and that plaintiff was not thereby deprived of its property without due process of law, and that the trial court erred in holding that said zoning ordinances were void and of no effect as applied to plaintiff's property.

The evidence establishes that plaintiff as trustee is the owner of a vacant lot at the northwest corner of Kedzie Avenue and 115th Street in the city of Chicago, having a frontage of 169 feet on Kedzie Avenue and a depth of 300 feet along 115th Street. Plaintiff desires to construct a shopping center of six or seven stores, each about 20 feet wide by 75 feet in depth with an auto parking area in the rear. The lot was purchased in 1925 by an individual who later conveyed it to the plaintiff as trustee. At that time, it was a part of the village of Mt. Greenwood, which was annexed to the city of Chicago on February 22, 1927. The

property was unzoned until the ordinance of March 18, 1931, and the subsequent amendatory ordinance of December 3, 1942. No apartments were ever constructed in the surrounding area.

Of the four corners at the intersection of Kedzie Avenue and 115th Street, only the northwest corner lies in the city of Chicago, the other three being within the village of Merrionette Park. Diagonally across from the proposed shopping center is a new housing project of 350 homes. The closest business shopping center to this new development is located at 111th Street and Kedzie Avenue, about a half mile away.

The surrounding area is now about 90 per cent built up and entirely residential with the exception of a store on the north side of 115th Street about a block away where it has been located for many years; some greenhouses in the rear of a single-family dwelling which have been in their present location 28 years; two cemeteries four blocks to the south; and a trucking garage behind a single-family dwelling, used by the owner to park two of his trucks therein and to make some repairs on his trucks when required.

Witnesses for the plaintiff testified that the proposed shopping center would benefit the inhabitants of the 350 new homes and other residents of the area, that to erect single-family residences on the subject corner is undesirable because it is an intersection of two bus lines, that all transfer corners in Chicago are zoned for commercial rather than residential purposes and that the value of plaintiff's property would be cut at least in half if it were used for residential rather than commercial purposes.

Witnesses for the defendant testified that the proposed shopping center was too small to accommodate the needs of the residents of the surrounding area, that the shopping center at 111th Street is easily accessible as it is only a half mile away, and that the value of the surrounding

residential property would be reduced by the proposed construction.

We have previously held upon many occasions that there is a presumption of validity in favor of a zoning ordinance adopted pursuant to a legislative grant and the one assailing its validity has the burden of proof that the ordinance is invalid or arbitrary or unreasonable as to his property. (*Mundelein Estates, Inc.* v. *Village of Mundelein,* 409 Ill. 291, 99 N.E. 2d 144; *Neef* v. *City of Springfield,* 380 Ill. 275, 43 N.E. 2d 947.) The same principle applies to amendatory ordinances. (*Kinney* v. *City of Joliet,* 411 Ill. 289, 103 N.E. 2d 473; *Trust Company of Chicago* v. *City of Chicago,* 408 Ill. 91, 96 N.E. 2d 499.) Where there is room for a fair difference of opinion concerning the reasonableness of the classification, the legislative judgment of the city council must be conclusive. *Herzog Building Corp.* v. *City of Des Plaines,* 3 Ill. 2d 206, 119 N.E. 2d 732; *Dunlap* v. *City of Woodstock,* 405 Ill. 410, 91 N.E. 2d 434.

The facts show that except for several minor deviations, the surrounding area is entirely residential. Whether the proposed shopping center would be beneficial was a matter of dispute, as the testimony of several experts was conflicting and residents of the area testified for both the plaintiff and the defendant. It is our considered opinion that the trial court should not have substituted its judgment for that of the city council.

Plaintiff relies heavily on the testimony of one witness that he knew of no other place in Chicago where an intersection of two bus lines is zoned for single-family dwellings. Even conceding that this is true, it is not conclusive proof that the ordinance is unreasonable or unrelated to the public health, safety, morals or welfare. In *Herzog Building Corp.* v. *City of Des Plaines,* 3 Ill. 2d 206, 119 N.E. 2d 732, we said, "While the property fronts on a State highway and would doubtless be appropriate for commercial

development, it is not disputed that the area is predominantly residential in character. Under such circumstances, there is room for a fair difference of opinion concerning the reasonableness of the classification, and the legislative judgment of the city council must be conclusive. (*Dunlap* v. *City of Woodstock,* 405 Ill. 410.)"

Plaintiff cites the cases of *Offner Electronics, Inc.* v. *Gerhardt,* 398 Ill. 265, 76 N.E. 2d 27, *Metropolitan Life Ins. Co.* v. *City of Chicago,* 402 Ill. 581, 84 N.E. 2d 825, and *Trust Company of Chicago* v. *City of Chicago,* 408 Ill. 91, 96 N.E. 2d 499, where the amendatory ordinance of 1942 was declared invalid as to the properties there involved. In each of these cases, however, the proposed use was in conformity with the land uses in the immediate vicinity. The facts in this case are similar to those in the *Herzog case,* which also involved the erection of a shopping center on a parcel of land on the edge of the corporate limits of the city and forming part of an area which was predominantly residential.

Plaintiff claims the housing project is in another municipality and cannot be considered in determining the character of the surrounding area. We met that contention in *Hannifin Corp.* v. *City of Berwyn,* 1 Ill. 2d, 28, at page 36, 115 N.E. 2d 315, at page 319, where we said, "The fact that much of the contiguous industrial use is in adjoining Cicero is of no consequence, as it is a question of existing conditions and not of geographical and territorial limits or of the powers of neighboring municipalities. *Forbes* v. *Hubbard,* 348 Ill. 166."

The provisions of the decree indicate that the trial court substituted its judgment for that of the city council and, in effect, made a zoning classification of its own. The decree not only changed the classification of the lot to "such retail business uses which were permitted under the Chicago Zoning Ordinance * * * on April 5, 1923," but also made special provisions as to the north five feet, the west

258

five feet, and the surface of the parking area. This was beyond the power of the court, as such action is a legislative function granted to the city council. If a zoning ordinance is improper, a court should not go beyond its power to declare the same void, the effect of which in the instant case would be to leave the property unzoned.

It is also urged that where the evidence is conflicting, the credibility of the witnesses should be determined by the trial court. This principle has no application to the instant case, as the record clearly establishes the predominantly residential character of the neighborhood surrounding the plaintiff's property and that the single-family residence classification provides the highest and best use for plaintiff's property.

We therefore conclude that neither ordinance is void as to plaintiff's property, and that the circuit court erred for the reasons hereinabove stated. The judgment must, therefore, be reversed. *Judgment reversed.*