(No. 34245.—

ETHEL WEHRMEISTER, Appellee, *vs.* THE COUNTY OF
DU PAGE, Appellant.

*Opinion filed March 20, 1957.*

WILLIAM L. GUILD, State's Attorney, of Wheaton, (EDWARD J. VERTOVEC, of counsel,) for appellant.

WILLARD E. CAIN, of Wheaton, for appellee.

Mr. JUSTICE DAVIS delivered the opinion of the court:

This is an appeal by the defendant from a decree in a declaratory judgment proceeding in the circuit court of Du Page County holding the amended zoning ordinance of the county unconstitutional and void in its application to the property of the plaintiff.

This property is located at the southwest corner of the intersection of Route 83 and Fifty-fifth Street in Du Page County, and has a frontage of 150 feet on Route 83 and a depth of 117 feet. It is improved with a 30-year-old frame house, which has running water but no inside bath or toilet facilities, and rents for $35 per month. Route 83 is a busy, four-lane, concrete, arterial highway, divided by an island at its intersection with Fifty-fifth Street, which

is a well traveled black-top road. The intersection is protected by six traffic lights.

The southeast and southwest corners are within Du Page County, outside of any municipality, and are zoned "R" residential, with permissible uses including single-family residences, public parks, playgrounds, forest preserves and athletic fields, colleges, libraries, museums, community buildings and golf courses. The northwest corner is in the village of Clarendon Hills and is zoned residential with permissible uses including single-family dwellings, places of worship, elementary schools, utilities and buildings of the village, public parks, playgrounds, libraries and museums, golf courses, country clubs, farming, truck gardening, nurseries, and railroad passenger stations. The northeast corner is in the village of Hinsdale, and is zoned residential with permissible uses including single-family dwellings, churches, schools, libraries and professional offices.

The immediate area is either vacant or residential, although more recent construction has not fronted on Route 83. Five homes are located on the east side of Route 83 and south of Fifty-fifth Street; two on the west side of Route 83 and south of Fifty-fifth Street; and six on the west side of Jackson Street which runs north of Fifty-fifth Street and parallel to and immediately east of Route 83. On the northwest corner there is a church. Powell, a north and south street, is the first street west of Route 83. There are nine additional homes on Powell Street north of Fifty-fifth Street and the rear of the lots on which these homes are situated adjoin the church property. The homes on Powell Street were valued from $22,000 to $25,000 and the remaining homes near the intersection were valued from $8000 to $18,000.

Plaintiff has entered into a lease with the Standard Oil Company of Indiana, subject to rezoning, for a period of ten years at a rental of $465 a month. As a condition of

the lease the plaintiff agreed to erect a service station at a cost of not less than $35,000.

An expert real-estate witness for plaintiff testified that the value of the plaintiff's property for residential purposes was $35 to $40 per front foot; and that the value for business use·was $150. He testified that the highest and best use of the property was for business purposes; and that the erection of a service station would not depreciate the value of property to the south. The defendant produced two expert witnesses. One testified that the plaintiff's property was worth $75 per front foot for residential purposes and $100 for commercial purposes. He was of the opinion that the erection of a filling station on the premises would cause a decrease in the neighboring residential values of from 10 per cent to 20 per cent, depending on the proximity to the station. The other expert was of the opinion that the depreciation of the adjoining residential values would be 30 per cent.

The trial court held that the zoning ordinance, as applied to the plaintiff's property was unreasonable, arbitrary and capricious, bearing no relation to public health, safety, morals, and general welfare, and was therefore unconstitutional and void. The decree of the court enjoined and restrained the defendant from enforcing the zoning ordinance against the property of the plaintiff. From this decree, the defendant appeals.

Defendant contends that the facts of the case demonstrate not only that there was room for a fair difference of opinion concerning the reasonableness of the ordinance as applied to the property, but that the legislative determination as to the classification of plaintiff's property is in fact reasonable; that a presumption of validity attaches in favor of a zoning ordinance and the burden of proof is upon the party assailing its validity; and that the plaintiff has neither overcome the presumption nor met the burden of proof,

and has failed to show that the ordinance was unreasonable.

Plaintiff contends that the question of the reasonableness of the zoning ordinance in its application to a given parcel of land, and its substantial relation to the public welfare is subject to review, and each case must be decided on its own particular facts; and that the facts of this case demonstrate that the ordinance, as applied to the plaintiff's property, is unreasonable.

In recurring to the fundamental principles of law applicable in zoning cases, this court has held:

"When one challenges the validity of a zoning ordinance which has been adopted pursuant to legislative grant, it is incumbent that he prove by clear and convincing evidence that it is, as applied to him, arbitrary and unreasonable and without substantial relation to the public health, safety or welfare. [Citations.] A presumption always favors the validity of the ordinance. [Citations.] These rules of law are based upon a recognition of the principle that zoning is primarily a legislative function subject to be reviewed by the courts only for the purpose of determining whether the power, as exercized, involves an undue invasion of private constitutional rights without reasonable relation to the public welfare. [Citations.] In considering the validity of a given zoning ordinance, each case must be decided upon its own particular facts, having due regard to the character of the neighborhood, the zoning classification and use of nearby properties, the extent to which property values are diminished by the particular zoning restrictions involved, and the gain to the public as compared to the hardships imposed on the individual property owner. [Citations.] This court has also always considered of paramount importance the question of whether the subject property is zoned in conformity with surrounding existing uses and whether those uses are uniform and established. [Citations.] The possibilities of infinite variations, which militate against the acceptance of any prior decision as absolutely dispositive

of the issue presented, are inherent in zoning cases." *Jacobson* v. *City of Evanston*, 10 Ill.2d 61, at pages 69 and 70.

However, where the restrictive ordinance bears no material relation to the public health, safety, morals or general welfare, it cannot, under the guise of a zoning regulation, either confiscate the property or inflict a substantial injury on the owner thereof, (*People ex rel. Kirby* v. *City of Rockford*, 363 Ill. 531,) and if the gain to the public is small, when compared to the hardship imposed upon the individual property owner by the restrictions of the zoning ordinance, no valid basis for the exercise of police power exists. (*Pioneer Trust & Savings Bank* v. *Village of Oak Park*, 408 Ill. 458.) Where there is room for a legitimate difference of opinion concerning the reasonableness of a particular ordinance, it is improper for the courts to substitute their judgment for that of the legislative body. *Rams-Head Co.* v. *City of Des Plaines*, 9 Ill.2d 326; *La Salle National Bank* v. *City of Chicago*, 6 Ill.2d 22; *La Salle National Bank* v. *City of Chicago*, 4 Ill.2d 253.

With these principles in mind, we have considered the record in this case. The plaintiff's property is on a corner of a very busy intersection on an arterial highway. The presence of such heavy traffic adversely affects the desirability of the location for residential purposes, at the same time enhancing the value for business purposes. We think it undisputed that the highest and best use of plaintiff's property is for business purposes. This, however, is not conclusive of the unreasonableness of the ordinance. We must also consider the general character of the neighborhood, the zoning classification and use of nearby properties, and the effect of the proposed service station upon the value of such property. *Rams-Head Co.* v. *City of Des Plaines*, 9 Ill.2d 326; *First National Bank* v. *County of Lake*, 7 Ill.2d 213.

The facts show that the surrounding area is entirely residential. More than 20 homes are located near this

property and a church is immediately across Fifty-fifth Street. There is further extensive residential development within a few blocks, but no commercial area within a quarter of a mile.

The opinions of the real estate experts were in conflict. While it was clear that the zoning ordinance decreased the value of plaintiff's property, the amount of such decrease was in dispute. The plaintiff's expert valued the property at $40 per front foot for residential purposes, and $150 for commercial purposes. The defendant's expert was of the opinion that the value of the property for residential purposes was $75 per front foot and $100 for commercial purposes. The exact amount of the difference in value is fairly debatable, but we may assume that it is substantial. In considering the gain to the public by the ordinance, the testimony is likewise in conflict. Plaintiff's expert could see no depreciation in the value of residential properties next to a gasoline service station. Defendant's experts both felt that there would be a substantial depreciation. One was of the opinion that depreciation would amount to approximately 30 per cent; the other thought the depreciation factor would vary from 20 per cent for property near the service station to 10 per cent for the more remote residences. The testimony of the experts and the evidence in the record disclose an area of opinion that is fairly debatable. When there is room for a fair difference of opinion concerning the reasonableness of the classification, the legislative judgment must be conclusive. *La Salle National Bank* v. *City of Chicago,* 6 Ill.2d 22; *La Salle National Bank* v. *City of Chicago,* 4 Ill.2d 253; *Herzog Building Corp.* v. *City of Des Plaines,* 3 Ill.2d 206; *Dunlap* v. *City of Woodstock,* 405 Ill. 410.

The question of whether a zoning ordinance is arbitrary, unreasonable and capricious in its application to a given parcel of land is subject to review by the courts, and each case must be decided on its own particular facts.

(*Krom* v. *City of Elmhurst,* 8 Ill.2d 104.) We conclude that the value of plaintiff's property would be enhanced considerably if the proposed use was allowed, but find that the nearby residential uses would be substantially depreciated and that the area is predominantly residential in character. The effect on property values in the area caused by the location of a filling station on the subject property presents a fairly debatable question. In the case at bar it was not the prerogative of the trial judge, nor is it the right of this court, to rezone this property.

We believe that reasonable men, under the facts of this case, might have a fair difference of opinion concerning the reasonableness of the classification. Having come to that conclusion, it necessarily follows that the legislative judgment of the county board of supervisors must be conclusive. *First National Bank* v. *County of Lake,* 7 Ill.2d 213; *La Salle National Bank* v. *City of Chicago,* 4 Ill.2d 253; *Herzog Building Corp.* v. *City of Des Plaines,* 3 Ill.2d. 206.

The cases cited by plaintiff, *Krom* v. *City of Elmhurst,* 8 Ill.2d 104, *Midland Electric Coal Corp.* v. *Knox County,* 1 Ill.2d 200, are so factually incompatible as to merit no further discussion. However, the principles of law announced in those cases and in this opinion are completely in accord. Far more applicable, on their facts, are *La Salle National Bank* v. *City of Chicago,* 4 Ill.2d 253, *Herzog Building Corp.* v. *City of Des Plaines,* 3 Ill.2d 206, *Mundelein Estates, Inc.* v. *Village of Mundelein,* 409 Ill. 291, where we upheld zoning ordinances on the ground that their reasonableness was fairly debatable. Therefore, the decree of the trial court must be reversed.

*Decree reversed.*