The CITY OF EL PASO, Appellant,

v.

J. O. McARTHUR and The El Paso National Bank, Appellees.

No. 6204.

Court of Civil Appeals of Texas, El Paso.

Oct. 20, 1971.

Travis White, City Atty., John C. Ross, Wade Adkins, Paul A. Echols, Asst. City Attys., El Paso, for appellant.

Wellington Y. Chew, Woodrow W. Bean, El Paso, for appellees.

## OPINION

WARD, Justice.

This is a declaratory judgment case in which the Appellees seek to have the zoning of certain property held invalid. The District Court, without a jury, held that the zoning ordinance of the City of El Paso, insofar as it applied to the property in question, was an unreasonable exercise of the power of the City and was void. It granted the Appellees their requested rezoning which would permit the use of their property to the development of a mobile home park. The principal complaints on this appeal are that there were numerous issuable facts or conditions justifying the action of the City Council in refusing to rezone the property and no changed conditions were shown. The judgment of the District Court is reversed and rendered.

■ As the Appellees have filed no brief in this case, we accept as correct, the statement contained in the Appellant's brief relating to the facts and the record. Rule 419, Texas Rules of Civil Procedure, Brehmer v. City of Kerrville et al., 320 S.W. 2d 193 (Tex.Civ.App.1959, San Antonio, no writ).

The property is a fifty-four (54) acre tract located in what is known as the "Lower Valley" area on the outskirts of the City of El Paso. This will sometimes be referred to as the McArthur property although McArthur, one of the Appellees, had only an option on it. The area is semi-rural in nature largely devoted to agricultural use. This particular tract is an irrigated cotton farm which since its annexation to the City in 1955, has been zoned "F–R" or farm-ranch. It is entirely surrounded by other farms. While the property to the south is also used as a farm, it has been zoned "M–1" or light manufacturing, but it is separated from the tract in dispute by the Juan de Herrera main lateral canal. Lying to the west of the McArthur property is a development known as "The Village"

which has been zoned R–2A. This is a restricted residential classification. Both the Village and the tract of the Appellees adjoin the North Loop Road, a paved farm-to-market road of the area. Some 2500 feet to the northwest of the McArthur property is the Fertel tract and this has been zoned as "A–M" which designates the property as "apartment-mobile home". The Appellees made application to the City Planning Commission for a change of zoning from "F–R" to "A–M" to allow the construction and operation of a mobile home park. The City Planning Commission in turn recommended to the City Council that the requested zoning change be made, but the City Council disagreed and left the property zoned as "F–R".

The governing rules are outlined from Hunt v. City of San Antonio, 462 S.W.2d 536 (Tex.1971):

"There are certain well established legal principles which guide us in passing on the validity of the ordinance here in question. A city ordinance is presumed to be valid, and this presumption applies to amendatory zoning ordinances as well as original comprehensive zoning ordinances. In either case, the courts have no authority to interfere unless the ordinance is unreasonable and arbitrary—a clear abuse of municipal discretion. If reasonable minds may differ as to whether or not a particular zoning ordinance has a substantial relationship to the public health, safety, morals or general welfare, no clear abuse of discretion is shown and the ordinance must stand as a valid exercise of the city's police power. An 'extraordinary burden' rests on one attacking the ordinance to show that no conclusive or even controversial issuable facts or conditions exist which would authorize the governing board of the municipality to exercise the discretion confided to it. This query presents a question of law, not a question of fact. City of Waxahachie v. Watkins, 154 Tex. 206, 275 S.W.2d 477 (1955)."

Appellees contend that the mobile home park which they proposed would alleviate a critical housing shortage and would constitute a good use of the land which would not be in conflict with the long range comprehensive plan of the City. Although general statements are made in the record about the popularity of mobile homes, no facts or figures are submitted as to the demand for them, the area of need or whether or not sufficient zones are already available for such purposes under the present zoning. This might be a good argument before a city legislative body but one hardly appropriate to a court's determination of the justification of the council's refusal to rezone.

The next argument of the Appellees is to the effect that as the Fertel property has been rezoned for mobile homes, then the present request for rezoning should follow. However, the evidence shows undisputed differences between the two properties. The City's expert on land development pointed out that the Fertel property was isolated from The Village and other potential residential land lying in the direction of the McArthur property by a nursing home and by two large canals. The Fertel property lies at the very edge of the farming property next to the dry desert land and adjacent to certain undesirable features such as horse corrals and a lighted baseball field. Both The Village and the McArthur property abut on North Loop Road and the entire area is exclusively farm land and single family residences: Mobile homes on the McArthur property would adversely and materially affect the future development of The Village and the intervening property for residential development.

Experts further concluded that the North Loop Road and the areas adjacent have a semi-rural character which should be preserved and encouraged; that with the rather expensive, well-maintained homes, the area should continue to attract families seeking a semi-rural environment.

The city relies on a comprehensive zoning plan with separate districts segregating the various differences of communal activity, and on the fact that the contested area at the present time is quite suitable for the purposes for which it is presently zoned. It is good fertile farm land, well watered and in the midst of an agricultural area. This was admitted by the Appellees. The facts favoring the applicant for a change in zoning were much more forceful in City of El Paso v. Donohue, 163 Tex. 160, 352 S.W.2d 713 (1962). There the Supreme Court reversed and rendered judgment for the City. The Appellees simply have not carried their "extraordinary burden" of showing that reasonable minds can not differ under the facts of our situation. City of Dallas v. Lively, 161 S.W.2d 895 (Tex. Civ.App. Dallas 1942 writ ref'd); Long v. City of Corpus Christi, 315 S.W.2d 24 (Tex. Civ.App. Eastland, 1958, writ ref. n.r.e.).

Finally, there are no changed conditions:

" - - - - amendments to zoning ordinances should be made with utmost caution and only when changing conditions clearly require the amendment; otherwise the very purpose of zoning will be destroyed. In short, a zoning ordinance can be amended only when the public interest requires it. But the determination of when the public interest does require an amendment is within the legislative discretion of the municipality." 8 McQuillin, Municipal Corp. 3rd Ed., Sec. 25.68. Also, see Hunt v. City of San Antonio, supra.

Not only did the trial Court annul the zoning ordinance, but it decided which of the various possible zoning classifications should be applied to the disputed property. It substituted its judgment for that of the administrative or legislative body, and contrary to its authorized function. See La Salle National Bank v. City of Chicago, 4 Ill.2d 253, 122 N.E.2d 519 (1954); Quattrocchi v. MacVicar, 82 So.2d 873 (Fla.Sup. 1955). As this point would require only a partial reversal of the judgment of the

trial Court, we see no need for further discussion. The points made by the Appellant are sustained.

We reverse the judgment of the trial Court and render judgment that the Appellees take nothing.